[No. 14292.   Department Two. — December 16, 1891.]

CORMACK HUGHES, RESPONDENT, v. W. J. CANNEDY, APPELLANT.

TAX DEED — INSUFFICIENT RECITALS — CONTENTS OF CERTIFICATE OF SALE. — A tax deed which omits to recite the matters recited in the certificate of sale, including a statement of the time when the purchaser will be entitled to a deed, is void. A recital in the deed that the certificate of sale contained the matters required by law is not a substantial recital of the matters required to be contained in the certificate of sale.

ID. — DEFECTIVE NOTICE BY PURCHASER. — A notice posted on the premises, by a purchaser at a tax sale, of an application for a deed which fails to state that the property had been sold for delinquent taxes, or to give the date of the sale, or the amount for which the property was sold, as required by section 3785 of the Political Code, is fatally defective; and a deed issued to such purchaser by the tax collector under such notice is issued without authority, and is null and void.

ID. — RIGHT OF REDEMPTION — LAPSED MORTGAGE. — A person claiming the right to redeem land from a tax sale, under an alleged mortgage lien which was absolutely extinguished by the lapse of time before the tax sale was made, is not such a party in interest as is entitled to redeem the land, under section 3780 of the Political Code.

ID. — CONTINUANCE OF OWNER'S RIGHT TO REDEEM — NOTICE OF APPLICATION FOR DEED. — One who is the owner in fee, and in the possession of the lots sold for taxes, retains the right of redemption indefinitely, until a notice is given and a deed applied for in accordance with the provisions of section 3785 of the Political Code.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. C. Ball*, for Appellant.

The mortgage lien of plaintiff, if any he ever had, was extinguished by lapse of time long before the levy and tax sale. (Civ. Code, sec. 2911; *Wells* v. *Harter*, 56 Cal. 342; *Cunningham* v. *Hawkins*, 24 Cal. 403; 85 Am. Dec. 73; *Henderson* v. *Grammar*, 66 Cal. 336, and cases cited.) When third persons have subsequently acquired interests in mortgaged property, they may invoke the aid of the statute of limitations as against the mortgage, even though the mortgagor, as between himself and the mortgagee, may have waived its protection. (*Wood* v. *Goodfellow*, 43 Cal. 185; *Watt* v. *Wright*, 66 Cal. 202.) The tax collector's deed conveyed to the appellant the absolute title to the lots described therein. (Pol. Code, secs. 3786, 3787.)

*Clark & Aram*, for Respondent.

The owner or any party in interest may redeem. (Pol. Code, sec. 3780.) The plea of the statute of limitations is a personal privilege, and must be specially pleaded. (Code Civ. Proc., sec. 458; *Howell* v. *Rogers*, 47 Cal. 291.) Appellant must recover, if at all, on his tax deed, supported by evidence of the regularity of the prior proceedings, if the same are attacked. (*Grimm* v. *O'Connell*, 54 Cal. 524; *Oullahan* v. *Sweeney*, 79 Cal. 537; 12 Am. St. Rep. 172.) The proceedings are statutory, and must be strictly followed. (*Grimm* v. *O'Connell*, 54 Cal. 524; *Atkins* v. *Kinnan*, 20 Wend. 240.) The tax deed is void upon its face, as it does not recite the matters contained in the certificate. (Pol. Code, sec. 3785.) The deed simply recites that such certificate was issued, " containing the matters required by law." This is insufficient. There is no recital " as to the time at which the purchaser would be entitled to a deed." This is fatally defective. (*Anderson* v. *Hancock*, 64 Cal. 455.) When the deed discloses that statutory requirements have not been complied with, the deed is void. (*Lan-*

*dregan* v. *Peppin*, 86 Cal. 122; *Hubbell* v. *Campbell*, 56 Cal. 527.)

FITZGERALD, C. — This is an action to quiet plaintiff's title to lots 19 and 20, in block 10, in the town of Winters, county of Yolo, and to cancel a tax deed issued by the tax collector of that county to the defendant, in pursuance of a delinquent tax sale theretofore made by him of the property in question.

The complaint, which is unverified, alleges ownership in fee and possession of the lots by plaintiff, and the adverse claim of an estate or interest therein by defendant, the nature of which is, in brief, as follows: The purchase of the lots by defendant on the twenty-fourth day of February, 1886, at a delinquent tax sale made by the tax collector of Yolo County, and the unauthorized issuance by him, in pursuance thereof, of a deed to defendant to said lots on the twenty-fourth day of February, 1888, which deed was duly recorded, and is alleged to be a cloud on plaintiff's title.

The answer contains a general denial of the allegations of the complaint, and avers title in the defendant under the tax deed therein described. The case was tried by the court without a jury, and judgment rendered in favor of plaintiff. Defendant appeals from the judgment, and an order denying his motion for a new trial.

From the evidence, only a part of which is brought up by the record, it appears that at the time the property in question was sold for delinquent taxes to the defendant, the undisputed title thereto was in one Hayes; that it had been redeemed from the operation of the tax sale by respondent, for his sole use and benefit, before the time for redemption had expired, and that his sole right to redeem was derived from an unrecorded mortgage given by Hayes to respondent ten or twelve years before, to secure the payment of a debt; that subsequent to his redemption as such mortgagee, and prior to the issuance of the tax deed to the defendant, plaintiff acquired by purchase the title of Hayes to the property; that said

property was purchased by defendant at a delinquent tax sale thereof made by the tax collector of Yolo County on the twenty-fourth day of February, 1886, and on the tenth day of March, 1887, the defendant being unable to find the owner, he posted on the premises the following notice of his application for a deed: —

"NOTICE.

"All whom it may concern will take notice that I have purchased at tax sale the following described real estate situated in the county of Yolo, state of California, to wit, lots 19 and 20, block 10, in the town of Winters; and that I will, on the twenty-fifth day of April, 1887, apply to the tax collector of said county for a deed of the whole of said real estate, unless the same is before that day redeemed. The amount necessary to effect such redemption is the sum of $6.39.                    W. J. CANNEDY.

"WINTERS, March 7, 1887."

Afterwards, when he applied to the tax collector for the deed, he made and filed with that officer the following affidavit, to which was annexed at the time a copy of the foregoing notice: —

"State of California, County of Yolo, ss.

"On the twenty-first day of November, A. D. 1887, personally appeared before me W. J. Cannedy, who, being first duly sworn by me, deposed and said that he is the identical W. J. Cannedy who, on the twenty-fourth day of February, 1886, became the purchaser at tax sale of lots 19 and 20, block 10, of the town of Winters, in the county of Yolo, state of California, and that thereafter, on the tenth day of March, A. D. 1887, he posted up on said premises, in a conspicuous place, a notice, of which the annexed is a true copy, and the said premises were unoccupied at the time, and have remained unoccupied ever since.                    W. J. CANNEDY."

Thereupon, on the twenty-fourth day of February, 1888, the sheriff and *ex officio* tax collector of the county issued to the defendant a deed to said lots, which, among other things, contained the following recital: "Whereas

XCII. CAL. –25

the said R. H. Beamer, tax collector as aforesaid, thereupon made out in duplicate a certificate of said sale, containing the matters required by law, and on said day delivered one copy of said certificate to said purchaser, and filed the other with the recorder of said county." This is not a substantial recital of the matters required to be contained in the certificate of sale.

No objection is made to the regularity of any of the proceedings prior to and including the sale of the property for delinquent taxes, but some of the proceedings subsequent to the sale are claimed to be so materially defective as to vitiate and render void the tax deed.

Section 3776 of the Political Code provides that, "after receiving the amount of the taxes and costs, the collector must make out in duplicate a certificate, dated on the day of sale, stating (when known) the name of the person assessed, a description of the land sold, the amount paid therefor, that it was sold for taxes, giving the amount and year of the assessment, and specifying the time when the purchaser will be entitled to a deed."

And section 3786 provides that "the matters recited in the certificate of sale must be recited in the deed."

The certificate of sale is not before us, but the code expressly declares what matters it shall contain, and, among them, that it shall specify the time when the purchaser will be entitled to a deed. There is no such recital in the tax deed. The deed is therefore void. (*Anderson* v. *Hancock*, 64 Cal. 456; *Grimm* v. *O'Connell*, 54 Cal. 522.)

The other defect insisted upon, which is also fatal, arises out of the issuance of the deed to defendant without any notice having been served or posted, as required by the provisions of section 3785 of the Political Code.

The notice of defendant's application for a deed, which was posted on the premises, and which is above set out in full, is fatally defective, because it fails to state that the property had been sold for delinquent taxes, or to give the date of the sale, or the amount for which the property was sold. Hence it follows that he was not en-

titled to a deed, and that the one issued to him by the tax collector was issued without authority, and is therefore nugatory and void. (*Landregan* v. *Peppin*, 86 Cal. 122; *Oullahan* v. *Sweeney*, 79 Cal. 537; 12 Am. St. Rep. 172; *Grimm* v. *O'Connell*, 54 Cal. 524.)

We would add, in conclusion, that as the alleged mortgage lien of plaintiff, under which alone he claimed the right to redeem, was absolutely extinguished by the lapse of time before the tax sale was made, it follows that he was not such a party in interest as was entitled to redeem under section 3780 of the Political Code. (Civ. Code, sec. 2711; *Wells* v. *Harter*, 56 Cal. 342; *Henderson* v. *Grammar*, 66 Cal. 335.)

But the court having found in its decision that plaintiff is the owner in fee and in the possession of the lots in controversy, the right of redemption continues in him indefinitely until a notice is given and a deed applied for, in accordance with the provisions of section 3785 of the Political Code.

We recommend that the judgment and order be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.