[Civil No. 577.   Filed April 16, 1898.]

[52 Pac. 773.]

## UNITED STATES OF AMERICA, Plaintiff and Appellant, v. SIMON MARKS et al., Defendants and Appellees.

1. APPEAL AND ERROR—REVIEW—ERROR IN ADMISSION OF EVIDENCE— EVIDENCE RECEIVED SUBJECT TO OBJECTION—PRESUMPTION—REVIEW LIMITED TO WHETHER JUDGMENT IS SUPPORTED BY COMPETENT EVIDENCE.—The judgment of the trial court will not be reversed for error in the admission of evidence where the record shows that the trial was before the court sitting without a jury, and that evidence was received subject to objection, which was not ruled upon, and fails to show what evidence was considered by the court in reaching its decision. This court will examine the record under these circumstances for the purpose of determining whether the competent evidence sustains the judgment, assuming, if that be true, that the lower court disregarded that which was incompetent.

2. POST-OFFICE—ACTION TO RECOVER MONEYS ILLEGALLY RETAINED— EVIDENCE—ORDER OF POSTMASTER-GENERAL—CERTIFIED COPY OF DEPARTMENT ACCOUNT—1 SUPP. REV. STATS. U. S., CHAP. 259, SEC. 1, P. 358, AND REV. STATS. U. S., SEC. 889, CONSTRUED.—In an action by the United States against a postmaster for moneys illegally retained, an order made by the postmaster-general declaring that defendant had made false returns of the business of his post-office and ordering a readjustment of his account, under section 1, *supra,* a statement of account prepared by the department based thereon, showing a balance due to the government from defendant, duly certified, is competent evidence under section 889, *supra.*

3. SAME—SAME—SAME—PRIMA FACIE—MAY BE REBUTTED — 1 SUPP. REV. STATS. U. S., CHAP. 259, SEC. 1, P. 358, AND REV. STATS. U. S., SEC. 889, CONSTRUED.—In an action by the United States against a

postmaster for moneys illegally retained, an order made by the postmaster-general declaring that defendant has made false returns, and ordering a readjustment of his accounts, under section 1, *supra*, a statement of account based thereon showing a balance due the government from defendant duly certified, his official bond, and a demand on defendant for the amount due, while making a *prima facie* case against defendant, is not conclusive, and may be rebutted by competent evidence.

APPEAL from a judgment of the District Court of the First Judicial District. J. D. Bethune, Judge. Affirmed.

The facts are stated in the opinion.

E. E. Ellinwood, United States District Attorney, for Appellant.

Barnes & Martin, for Appellees.

DAVIS, J.—This was an action brought by the United States to recover from Simon Marks and the sureties on his official bond money alleged to have been illegally retained by him, while postmaster at Contention, Cochise County, Arizona. The defendants denied any indebtedness,—and set up as a counterclaim an amount alleged to be due from the United States to the said Marks for his services as such postmaster, in accordance with the quarterly accounts rendered by him to the plaintiff. It appears from the record that Simon Marks was postmaster at the place named from May, 1883, to December 31, 1885, at which time his postal accounts were audited by the department at Washington, showing a balance in his favor of $597.30; that at the appellant's request he executed and forwarded to the department a proper receipt for this amount, but that neither the said sum nor any part thereof has been paid to him. It further appears that a subsequent examination of said Marks's accounts by the post-office department resulted in a claim that he had made false returns of the business done at the Contention post-office, and that the following order was issued by the postmaster-general in relation thereto: "Order No. 454. Post-Office Department. Office of the Postmaster-General, Washington, D. C., October 27, 1887. Being satisfied that S. Marks, late P. M., Contention, Cochise Co., Ariz., has made false returns of business at the post-office at said place during the period from April 1,

1883, to December 31, 1885, thereby increasing his compensation beyond the amount he would justly have been entitled to have by law: Now, in the exercise of the discretion conferred by the act of Congress entitled 'An act making appropriations for the service of the post-office department for the fiscal year ended June 30, 1879, and for other purposes,' approved June 17, 1878, (section 1, c. 259, p. 358, 1 Supp. Rev. St.,) I hereby withhold commissions on the returns aforesaid, and allow as compensation (in place of such commissions and in addition to box rents), deemed by me, under the circumstances, to be reasonable during the period aforesaid, the rate of $40.00 per quarter, and the auditor is requested to adjust his accounts accordingly. [Signed] WM. F. VILAS, Postmaster-General.'' That the accounts of Marks were readjusted by the department on November 21, 1887, in accordance with said order, and he was charged with $935.24 as compensation illegally retained through false returns of business, by which a debit balance was created against him of $337.94. It was to recover this balance that the government brought its action. The case was heard before the lower court, sitting without a jury, and a judgment was rendered in favor of the defendant Marks for $597.30 and interest. From the judgment and the order of the court overruling a motion for a new trial the government has appealed. It is assigned for error (1) that the court below excluded from evidence, upon objection of the defendants (appellees), the duly verified order (No. 454) of the postmaster-general, and (2) that the court admitted in evidence, over the objection of the plaintiff (appellant), certified copies from the department files of the affidavits of Simon Marks and four other persons, relating to the business of the Contention post-office during the years 1883, 1884, and 1885. In neither instance does the face of the record bear out the appellant's claim as to the ruling of the lower court upon the admissibility of the evidence. It does appear that both said order and the affidavits were admitted in evidence, subject to objection (which was not ruled upon), and were all before the court. It does not appear what of said evidence was considered by the court, or what excluded, in reaching its decision. Under these conditions we have felt it our duty to look into the case for the purpose of determining whether the *competent* evidence sus-

tains the judgment, for, if that be true, then we are justified
in assuming that the lower court disregarded that which was
incompetent.  The evidence offered by the plaintiff was
wholly documentary, consisting of duly authenticated copies
of Marks's official bond, the order (No. 454) of the postmaster-
general, the statement of account prepared by the depart-
ment based upon said order, showing a balance of $337.94 due
to the government, and the demand made for the payment
thereof.  The defendants introduced in evidence a certified
transcript of the original department account with Marks,
admitting the government owed him $597.30; the certified
copies from the department files of the affidavits of Marks
and four other persons, relating to the business of the Conten-
tion post-office during the years 1883, 1884, and 1885; and
placed upon the stand the principal defendant, Simon Marks,
who was sworn and examined as a witness.  The latter testi-
fied that he had been the postmaster at Contention during the
period referred to; that while he was in charge of the office
there had been a boom, and the population of the place had
increased to fifteen hundred; that nearly all of the leading
companies of Tombstone had principal offices at Contention,
and that many of the large companies which did business at
the former place brought their letters to Contention for mail-
ing; that they also brought over amounts of money every
month and paid it out at Contention; that witness got out of
stamps a number of times, and had to send elsewhere than to
Washington for them, buying many dollars' worth at Tomb-
stone, and being compelled to do this to keep the office going;
that later the population had decreased, and at the time when
the last accounts of the office were made there were only fifty
people left; that he had returned correctly to the department
the business of his office from quarter to quarter, and had not
made any false returns; that, after he went out of office, in
1885, he sent on his accounts to Washington; that he received
a statement of debit and credit from the auditor of the post-
office department stating a balance of $597.30, and saying,
"We think it is correct, and, if you find it so, please sign the
inclosed blank receipt, and we will forward you the money
without further delay"; that he signed and returned the
receipt, and two years later received from the department the
account introduced in evidence by the plaintiff.

As to the legal competency of the documentary evidence offered by the government there can be no question, for it is provided by section 889 of the Revised Statutes of the United States, that "in any civil suit in case of delinquency of any postmaster or contractor, a statement of the account, certified as aforesaid, shall be admitted in evidence, and the court shall be authorized thereupon to give judgment and award execution, subject to the provisions of law as to proceedings in such civil suits." Neither can there be any question but that the order of the postmaster-general, the bond, and the certified accounts produced by the plaintiff made a *prima facie* case. *United States* v. *Dumas,* 149 U. S. 278, 13 Sup. Ct. 872. But counsel for the government apparently proceeded in the court below upon the theory that this evidence was not only *prima facie* but *conclusive* of the defendants' liability. The order of the postmaster-general was made, as it recites, in the exercise of the discretion conferred by the first section of the act of Congress approved June 17, 1878, (chap. 259, 1 Supp. Rev. Stats. U. S., p. 358,) which provides "that in any case where the postmaster-general shall be satisfied that a postmaster has made a false return of business, it shall be within his discretion to withhold commissions on such returns, and to allow any compensation that under the circumstances he may deem reasonable." In the case cited of *United States* v. *Dumas, supra,* Mr. Justice Jackson, delivering the opinion of the court, said: "An order made in pursuance of this provision is certainly not conclusive upon a postmaster that his returns of business are actually false in fact, . . . neither can it be properly held that, when the postmaster-general is satisfied that a postmaster has made a false return of business, and exercises his discretion 'to withhold commissions on such returns,' his order in the matter is a final and conclusive determination that the postmaster is not entitled to any commissions as such, or that his compensation shall be absolutely fixed and limited by the allowance made. In a suit for his commissions or compensation such an order withholding the one and making a discretionary allowance as to the other would certainly not conclude the postmaster." We hold, therefore, in this case that the order, in connection with the bond and certified accounts, was merely evidence which, unexplained and uncontradicted, would have warranted a judg-

ment in favor of the government for the balance shown thereby to be due. As to the admissibility of the affidavits offered by the defendants from the department files we think there is serious doubt, notwithstanding the claim of counsel that they are made competent evidence by section 886 of the Revised Statutes of the United States. These affidavits purport to have been made on dates varying from April 18 to May 19, 1888, and were presumably placed on the files long subsequent to the issuance of the postmaster-general's order No. 454, and the readjustment by the department of Marks's accounts on the basis thereof. Under these circumstances we cannot discern the purpose for which they would be evidence in this case. But disregarding them entirely, we are of the opinion that there still remains sufficient competent evidence to sustain the judgment as rendered, and this conclusion also disposes of the two general assignments of error. The judgment of the district court is affirmed.

Street, C. J., Doan, J., and Sloan, J., concur.