[Civil No. 808.   Filed March 20, 1903.]

[71 Pac. 930.]

## GEORGE W. SEAVERNS, Defendant and Appellant, v. MARTIN COSTELLO, Plaintiff and Appellee.

1. APPEAL AND ERROR—EVIDENCE—OBJECTIONS—PRESUMPTION—INCOMPETENT EVIDENCE DISREGARDED WHERE COMPETENT EVIDENCE SUPPORTS JUDGMENT—UNITED STATES v. MARKS, 5 ARIZ. 404, 52 PAC. 773, FOLLOWED.—Where the record shows that objections were interposed on the trial to the admissibility of certain documents offered in evidence, and fails to show what of said proferred evidence was considered by the court, or what excluded, in reaching its decision, it will be presumed that the incompetent evidence was disregarded, if the competent evidence in the record sustains the judgment.

2. TAXES AND TAXATION — TAX-COLLECTOR'S DEED — VALIDITY — MUST COMPLY WITH REQUIREMENTS OF STATUTE—REV. STATS. ARIZ. 1887, PAR. 2701, CONSTRUED.—A tax-collector's deed containing no recital of the name of the person, firm, company, or corporation assessed, and from whom the taxes were due, nor any statement that the same was "unknown," is void on its face for want of compliance with the requirements of paragraph 2701, *supra*.

3. SAME — SAME — VOID—NOT PRIMA FACIE EVIDENCE OF TITLE—NOT BASIS FOR AFFIRMATIVE RELIEF.—A void tax-collector's deed is not even *prima facie* evidence that the title of the owner to the premises assessed is impaired, and cannot offer basis for affirmative relief.

4. MINES AND MINING—ACTION TO RECOVER CLAIM—DEFENSE—STATUTE OF LIMITATIONS—ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY—REV. STATS. ARIZ. 1887, PARS. 2229, 2328, CITED.—In an action to recover a mining claim, where defendant pleaded the statute of limitations, in compliance with paragraphs 2299 and 2328, *supra*, setting up adverse possession for ten years, and offered evidence to support

the claim of adverse possession, that he had been upon the premises, supposed that he owned it, having the tax-title deed from the county, but that he had done nothing thereon, except pay the taxes for ten years, such evidence is too meager and indefinite to establish the "peaceable and adverse possession" without which the plea of limitations is unavailing.

**5.** LIMITATIONS—PLEADING.—The pleading of the statute of limitations does not dispense with the necessity of also pleading all facts essential to bring the party within the provisions of the statute, when the existence of those facts is not shown by the pleading of the opposite party.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

English & Bowman, for Appellant.

James Reilly, and F. W. Goodbody, for Appellee.

The tax-deed is void on its face, because it shows an absolute want of compliance with the command of paragraphs 2640, 2649, and 2652 of the Revised Statutes of 1887, not having been assessed to any owner known or unknown. *Baird* v. *Benlisa,* 142 U. S. 664, 12 Sup. Ct. 323, 35 L. Ed. 1151; *Northern Pacific Ry. Co.* v. *Galvin,* 85 Fed. 811; *City of St. Louis* v. *Wenneker,* 145 Mo. 230, 68 Am. St. Rep. 561, 47 S. W. 105; *Hancock* v. *Stackpole,* 40 Fla. 362, 24 South. 914, 45 L. R. A. 814.

Again, the deed is void because it does not contain the name of grantor ("owner, known or unknown"), as commanded by paragraph 2701 of the Revised Statutes of 1887. Cases *supra.*

Again, the deed conveys the whole property, worth many thousands (nearly thirteen acres), without any offer to sell any less quantity, against the command of paragraph 2694, and against the command of the judgment. *French* v. *Edwards,* 13 Wall. 506, 20 L. Ed. 702; *Williams* v. *Peyton,* 4 Wheat. 77, 4 L. Ed. 518.

DAVIS, J.—On the fourth day of June, 1901, Martin Costello commenced an action in the court below against the

Arizona Eastern and Montana Smelting, Ore Purchasing and Development Company, the Turquoise Mining Company, and George W. Seaverns, to quiet his title to the Mona, a patented mining claim, situate in the Tombstone Mining District. The defendant companies made no defense to the suit. The defendant George W. Seaverns filed an answer and cross-complaint. The answer generally and specifically denies each and every allegation of the complaint. In his cross-complaint the defendant "alleges that he is the owner, possessed, and entitled to the possession of the mining claim described in the plaintiff's complaint; that the plaintiff is setting up and asserting title to said mining claim which is adverse to that of this defendant, and is a cloud upon the defendant's title to said premises. Defendant alleges that for 10 years continuously last past, and hitherto, he and his grantors and predecessors in interest have been in the quiet, peaceable, uninterrupted, `exclusive, notorious, adverse, and undisputed possession of said mining claim, possessing, owning, and claiming to own the same against the plaintiff and the whole world, and during all of that time have paid the territorial, county, and other taxes lawfully levied thereon; and in bar of plaintiff's right, or pretended right, of action, this defendant now specially pleads the statutes of limitations of the territory of Arizona, as contained in the Civil Code thereof, title 44, c. 1, par. 2299, sec. 3, and the other laws of the said territory with reference thereto. Rev. Stats. 1887." The defendant prayed that the plaintiff take nothing by his action, and that defendant have judgment for his costs and disbursements; that it be decreed that the plaintiff has no right, title, or interest in or to the said mining property, or any part thereof; that defendant's title thereto be forever quieted; and for such other general and equitable relief as to the court may seem meet. Upon the trial, the plaintiff introduced in evidence the patent issued by the United States to Charles McNamee for said Mona claim, dated December 28, 1883, together with regular and sufficient mesne conveyances from . said patentee to himself, duly recorded, and thereupon rested his case. The defendant Seaverns then offered in evidence a deed from J. P. McAllister, tax-collector of Cochise County, dated November 25, 1891, purporting to convey to said defendant the mining premises in controversy, for the considera-

tion of six dollars, in virtue of a sale theretofore made un-
der a tax-judgment rendered in the district court of said
county.   This deed recited various acts done, anterior to its
execution, in compliance with the statute, which at the time
required a court proceeding and judgment as a basis for the
sale of property for delinquent taxes.   The tax-deed did not,
however, contain a recital of the name of the person, firm, com-
pany, or corporation assessed, and from whom the taxes on
said premises were due, nor any statement that the same was
unknown.   Because of the omissions referred to, and also
upon other grounds, the plaintiff objected to the introduction
of the tax-deed in evidence, and the court reserved its ruling
upon the objection.   The defendant Seaverns testified as a
witness in his own behalf.   That portion of his testimony
which is material was substantially as follows: "I am ac-
quainted with the ground included within the confines of the
Mona mine which is the subject of the litigation herein.   I
have been upon the premises, all over it.   I supposed that I
owned it, having the tax-title deed from Cochise County.
I took title, as I claim, under this deed from the tax-collector.
I have paid the taxes on the property for, I think, 10 years."
To the question, on direct examination, "From the time that
you bought this property from the tax-collector—from the
time that the territory conveyed it to you, as described in this
tax-deed—what have you done, with reference thereto, to the
said mine, if anything?" the witness answered, "Nothing,
but paid the taxes."   There was no other evidence offered
on the part of the defendant.   As tending to prove the in-
validity of the tax sale, the plaintiff, in rebuttal, sought to
introduce certain documentary evidence, consisting of the
assessment-roll of Cochise County for the year 1889, the or-
der levying the taxes for that year, and the tax-judgment upon
which the sale was predicated.   The record shows that this
evidence was received, subject to the objections thereto by
the defendant, upon which the court reserved its ruling.   The
plaintiff tendered to the defendant on the trial the full
amount which would be due to him, including penalties and
costs, as the holder of a void tax-deed.   A judgment and de-
cree was rendered in the plaintiff's favor, quieting his title
against the defendants, and each of them, and all persons
claiming through or under said defendants, or any of them.

It was further decreed that the plaintiff should pay to the defendant Seaverns the sum of $39.89, being the amount due to him under the statute as the holder of a void tax-deed. From this judgment the said defendant appeals.

The record shows that objections were interposed on the trial to the admissibility of certain documents offered in evidence, but it does not appear from the record what of said proffered evidence was considered by the court, or what excluded, in reaching its decision. Under these conditions, we must look into the case and determine whether the competent evidence sustains the judgment, for, if that be true, then we are justified in assuming that the lower court disregarded that which was incompetent. *United States* v. *Marks*, 5 Ariz. 404, 52 Pac. 773. The appellee, in proof of his title, showed a regular chain of transfer from the sovereignty of the soil to himself, by deeds duly registered. The appellant sought to prove title by his deed from the tax-collector. The statute in force at the time of the execution of this tax-deed, and applicable to instruments of this character, required that "the deed shall state the cause of the sale, the amount sold, the price for which the real estate was sold, the name of the person, firm, company or corporation assessed, and from whom the taxes were due, provided, the name is known, and if unknown, say 'unknown,' the same description of the land as is given in the order of sale and certificate of sale, and such other description as may be practicable for better identification." Rev. Stats. 1887, par. 2701. Where the statute prescribes the particular form of a tax-deed, the form becomes substance, and must be strictly pursued, or the deed will be void. Blackwell on Tax Titles, p. 366. A special power granted by statute, affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and it should so appear on the face of the proceedings. *Atkins* v. *Kinnan*, 20 Wend. 240, 32 Am. Dec. 534. Where the statute requires particular matters to be recited in a tax-deed, the failure of the deed to contain such recitals renders the same void. *Grimm* v. *O'Connell*, 54 Cal. 522; *Hughes* v. *Cannedy*, 92 Cal. 382, 28 Pac. 573; *Simmons* v. *McCarthy*, 118 Cal. 622, 50 Pac. 761; *Wakeley* v. *Mohr*, 18 Wis. 321. The tax-collector's deed in the case before us contained no recital "of the name of the person, firm, company

or corporation assessed, and from whom the taxes were due,"
nor any statement that the same was "unknown." The deed
was therefore void on its face because of want of compliance
with the requirements of the statute. It was not even *prima
facie* evidence that the title of the owner of the premises as-
sessed was impaired, and could not form the basis for affirma-
tive relief. *Simmons* v. *McCarthy, supra.* It cannot be con-
tended that the tax-judgment, ordering the sale of the prem-
ises to satisfy the taxes, interest, penalties, and costs due
thereon, would constitute any evidence of title in the ap-
pellant.

The court below held that the appellant had not pleaded
facts sufficient to entitle him to have advantage of the statute
of limitations which he invoked, because his pleading did not
show that he was "claiming under a deed or deeds duly
registered." The statute provides: "Every suit to be in-
stituted to recover real property as against any person having
peaceable and adverse possession thereof, cultivating, using,
or enjoying the same, and paying taxes thereon, if any, and
claiming under a deed or deeds duly registered, shall be in-
stituted within five years next after the cause of action shall
have accrued, and not afterwards." Rev. Stats. 1887, par.
2299. There is also a provision that "the laws of limitation
of this territory shall not be made available to any person
in any suit, in any of the courts of this territory, unless it
be specially set forth as a defense in his answer." Id., par.
2328. The pleading of the statute of limitations, however,
does not dispense with the necessity of also pleading all facts
essential to bring the party within the provisions of the statute,
when the existence of those facts is not shown by the pleading
of the opposite party. But this can have no important bear-
ing upon the case at bar, since the evidence in regard to the
appellant's occupancy of the disputed premises, which is
wholly contained in the testimony of the appellant himself,
is entirely too meager and indefinite to establish the "peace-
able and adverse possession" without which the plea of limita-
tions would be unavailing.

We think the judgment of the court below is sustained by
the evidence, and it will therefore be affirmed.

Kent, C. J., and Sloan, J., concur.