[Civil No. 837.   Filed March 26, 1904.]

[76 Pac. 479.]

SILVER QUEEN MINING COMPANY, a Corporation, Plaintiff and Appellant, v. CHARLES CROCKER et al., Defendants and Appellees.

1. TAX-TITLE — TAX-DEED — PRIMA FACIE VALIDITY—IMPROVEMENTS— LIEN FOR—LAWS 1893, p. 130, ACT No. 84, SECS. 20, 26, CONSTRUED. —Section 20, *supra,* provides that if property sold for taxes is not redeemed the collector must make the purchaser a deed; that the purchaser must, thirty days prior to the expiration of the time for redemption or before applying for a deed, serve on the owner a written notice, etc.; that no deed shall be issued to the purchaser until he files an affidavit showing that the notice has been given; and that, when the territory purchases, the clerk of the board of supervisors shall give the notice and make the affidavit.  Section 26, *supra,* provides that if the holder of a tax-deed or a claimant under him be defeated in an action for the recovery of property, the successful claimant shall be obliged to pay the value of all improvements made by the purchaser or claimant and such amount shall be a lien on the property.  Tax-deeds to the territory showed that the clerk of the board of supervisors had filed with the tax-collector an affidavit reciting that he had personally served on the owner and occupant a written notice, and that more than thirty days had elapsed since said service.  Said service had not in fact been made, but claimant relying on recitals had made extensive improvements on the property.  *Held,* that

although the plaintiff had established that the tax-deeds were invalid, and therefore claimants under the territory had no title, nevertheless the deeds were valid on their face, and entitled the claimants to lien for such improvements.

2. SAME—SAME—SAME—RECITALS—EVIDENCE.—When the recitals in a tax-deed indicate the proper exercise of the powers granted in the manner required by the law, it is *prima facie* valid; but when the deed itself discloses it is executed in violation of law, or that there is a non-compliance with a substantial requirement of the law, it is void and not admissible in evidence.

3. SAME—SAME—SAME—SAME—SAME.—Recitals in tax-deeds being but *prima facie* evidence, can be defeated by evidence to the contrary.

4. SAME—SAME—ACT No. 84, p. 132, LAWS 1893, SEC. 26, CONSTITUTIONAL.—The statute, *supra*, providing that in the event of the defeat of the claimant under a tax-deed the successful party shall be adjudged to pay, before being let into possession, the value of all improvements made by the said purchaser or persons claiming under him on such property, is constitutional.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Galpin & Bolton, and Hereford & Hazzard, for Appellant.

Defendants cannot be buyers in good faith, because the findings show that they entered under a deed and record which established that the territory had given no notice to the owner of the property taxed of intention to apply for the deed.

Such deed, therefore, did not operate to foreclose the lien. It gave the buyer from the territory no color of title. The buyer, then, neither bought in good faith nor had color of title. Such a buyer cannot improve the owner out of his estate.

The act of the territory in taking the deed without notice of application was a wrongful act, and could confer on it or its grantee with notice no right even of entry—no right to demand pay for improvements. *Reed* v. *Lyons*, 96 Cal. 504, 31 Pac. 619; *Miller* v. *Miller*, 96 Cal. 376, 31 Am. St. Rep. 229, 31 Pac. 247; *Landregan* v. *Peppin*, 86 Cal. 126, 24 Pac. 859; *Hughes* v. *Cannedy*, 92 Cal. 386, 28 Pac. 573.

It cannot be urged that the buyer was an innocent purchaser for value without notice, for the law is settled where a power is exercised in the name of the donor, and as agent for the donor, the power and authority given by the donor must appear in the instrument under which the officer acts. *French* v. *Edwards,* 13 Wall. 515; *Grimm* v. *O'Connell,* 54 Cal. 522; *Donahue* v. *McNulty,* 24 Cal. 412, 85 Am. Dec. 78; *Wiseman* v. *McNulty,* 25 Cal. 230; *San Francisco* v. *Canavan,* 42 Cal. 541; *McCracken* v. *City of San Francisco,* 16 Cal. 591.

That the above doctrine is the rule of the federal courts, see *Moore* v. *Brown,* 11 How. 414, 13 L. Ed. 751; *Redfield* v. *Parks,* 132 U. S. 239, 10 Sup. Ct. 83, 33 L. Ed. 327; *Walker* v. *Turner,* 9 Wheat. 541, 6 L. Ed. 155; *Daniels* v. *Case,* 45 Fed. 843; *Coulter* v. *Stafford,* 56 Fed. 564; 6 C. C. A. 18.

That part of the statute of Arizona is unconstitutional which gives to the defeated holder of a tax-deed, or any one holding under him, the right to recover for improvements placed upon the property held thereunder. *Billings* v. *Hall,* 7 Cal. 1; *Anderson* v. *Fish,* 36 Cal. 633; *Lawson* v. *Jeffries,* 47 Miss. 706, 12 Am. Rep. 354; *Taylor* v. *Porter,* 4 Hill, 140, 40 Am. Dec. 274; *Wilkinson* v. *Leland,* 2 Pet. 627, 7 L. Ed. 542; *Green* v. *Biddle,* 8 Wheat. 1, 5 L. Ed. 547.

S. M. Franklin, for Appellees.

DOAN, J.—In an action to quiet the title to the Silver Queen Mine, brought by the patentee against Crocker et al., holding under tax-deeds from the territory, the trial court held that the deeds from the tax-collector to the territory were invalid, that the title was in the plaintiff, and that the defendants in good faith had made improvements on the property to the value of $7,465, which sum was a lien upon the property, and decreed that the plaintiff be let into possession of the property on the payment thereof. From that part of the judgment holding the improvements to be a lien on the property, and decreeing the payment therefor by the claimant as a condition precedent to the entry into possession, the plaintiff has appealed, and assigns as error that "the court erred in its . . . judgment that . . . the value of the improvements . . . was a lien upon the property, and should be paid . . . before said claimant should be let into possession of the property."

It was found as a fact by the court that, in the case of each of the tax-deeds to the territory, "no notice of application for said deed was given or served by the clerk of the board of supervisors as required by law." It was found, as a conclusion of law, "that each and all of said tax-deeds executed to the territory of Arizona, under which the defendants Crocker and Scrivner, as the grantees of the territory, claim title, are invalid." It was also found, as a fact, "that after the execution of said deeds to Crocker he went into possession of the property, claiming said property in good faith; that on April 11, 1900, Crocker conveyed an undivided one-half interest in said property to defendant Scrivner." The only ground on which the tax-deeds to the territory were attacked was that no notice of application for such deeds was given as required by law, and on that ground they were found invalid. We have before us only the findings and judgment of the court, and the deeds in question filed as exhibits. The minutes of the court show that several witnesses were sworn and testified, but none of the oral testimony given at the trial is preserved in the record.

The law under which notice of application for tax-deeds is required to be given provides (Act No. 84, p. 130, Laws 1893, sec. 20): "If the property is not redeemed within the time allowed by the law for its redemption, the collector or his successor in office must make to the purchaser or his assignee a deed to the property. . . . The purchaser of property sold for delinquent taxes, or his assignee, must, thirty days previous to the expiration of the time for the redemption, or thirty days before he applies for a deed, serve upon the owner of the property purchased, or upon the person occupying the property if said property is occupied, a written notice reciting that said property or a portion thereof has been sold for delinquent taxes, giving the date of the sale, the amount of property sold, the amount for which it was sold, the amount then due, and the time when the right of redemption will expire or when the purchaser will apply for a deed, and the owner of the property shall have the right of redemption indefinitely until such notice shall have been given and the said deed applied for, upon payment of the fees, percentage, penalty and costs required by law, . . . and no deed of the property sold at a delinquent tax-sale

shall be issued by the tax-collector or any other officer to the purchaser of such property until after such purchaser shall have filed with such tax-collector or other officer an affidavit showing that the notice hereinbefore required to be given has been given as herein required. . . . When the territory becomes the purchaser, the clerk of the board of supervisors . . . shall give the notice and make the affidavit. . . .''

The question presented is whether the deeds to the territory were valid on their face, and therefore, until attacked and defeated by extrinsic facts showing their invalidity, were sufficient to give to a purchaser from the territory the right of possession, and authorize him to improve the property, or whether they were void upon their face, indicating to a purchaser that the title of the territory was invalid, and therefore insufficient for such purpose. This can be best determined by testing the deed by reference to the authority recited in it for its execution, in connection with the act giving the officer the power to make it. When the recitals in the deed indicate the proper exercise of the powers granted, in the manner required by the law, it is held to be *prima facie* valid. It is not necessary that it be sufficient to withstand all evidence brought against it to show that it is bad, but it must appear to be good upon its face. When, however, the deed itself discloses that it is executed in violation of the law, or bears upon its face the evidence of non-compliance with a substantial requirement of the law, it is upon its face absolutely null and void, and not admissible in evidence for any purpose. It does not give constructive possession nor the right of actual possession. *Moore* v. *Brown*, 11 How. 414, 13 L. Ed. 751; *Gomer* v. *Chaffey*, 6 Colo. 314; *Redfield* v. *Parks*, 132 U. S. 239, 10 Sup. Ct. 83, 33 L. Ed. 327; *Seaverns* v. *Costello*, ante, p. 308, 71 Pac. 930. Two deeds from the tax-collector to the territory, the one executed on April 18, 1898, in pursuance of the sale made on the 18th of April, 1896, and the one made on September 14, 1899, in pursuance of the sale made on the 14th of April, 1898, are valid on their face, fully showing the authority of the tax-collector to execute them. The requirement of the law reads: ''No deed shall be issued by the tax-collector to the purchaser until after such purchaser shall have filed with such tax-collector or other officer an affidavit showing that the notice

hereinbefore required to be given has been given as herein required.'' Each of the deeds mentioned contains the recital of the filing of such affidavit with the tax-collector, showing the service of notice as required in each instance, in the following language:—

"Whereas, Fred G. Hughes, the clerk of the board of supervisors . . . has filed with Charles F. Hoff, treasurer and *ex officio* tax-collector . . . an affidavit showing that he, the said Fred G. Hughes, as such clerk, personally served upon Silver Queen Mining Co., the owner of the above described property, . . . the person occupying the above described property, a written notice, stating that said property had been sold to the territory of Arizona for delinquent taxes on the 18th day of April, 1896; the amount for which it was sold; the time for redemption and when the purchaser would apply for the deed unless said property was redeemed, and the amount of redemption money then due; and required . . . and whereas, more than thirty days have elapsed since the service of said notice. . . ."

"Whereas, W. P. B. Field, the clerk of the board of supervisors . . . has filed with Harry A. Drachman, treasurer and *ex officio* tax-collector . . . an affidavit showing that he, the said W. P. B. Field, as such clerk, personally served upon Silver Queen Mining Co., the owner of the above described property, . . . the person occupying the above described property, a written notice, stating that said property had been sold to the territory of Arizona for delinquent taxes on the 14th day of April, 1898; the amount for which it was sold; the time for redemption and when the purchaser would apply for the deed unless said property was redeemed, and the amount of redemption money then due; and required . . . and whereas, more than thirty days have elapsed since the service of said notice. . . ."

Whether the recitals in these deeds relative to the affidavits of such service were overcome by the production of the affidavits themselves, which fail to sustain such recitals, or whether the affidavits were disproved by evidence controverting their statements relative to the giving of notice, we are not advised. The recitals in the deeds, being but *prima facie* evidence, can be defeated by positive evidence to the contrary. *Simmons* v. *McCarthy*, 118 Cal. 622, 50 Pac. 761.

These deeds are shown by comparison with the requirements of the statute to be valid when tested by their own face. They present *prima facie* evidence of good title in the territory, so that a purchaser is authorized to rely on them in good faith; and, unless their recitals are defeated by evidence *aliunde,* they will sustain such purchaser's title.   That being the case, they fully justify such purchaser in improving the property, and sustain the decree of the court adjudging such improvements a lien upon the property upon the defeat of his title thus acquired, and the payment therefor a condition precedent to the plaintiff being let into possession of the premises.    The statute on this subject (sec. 26, act No. 84, p. 132, Laws 1893) provides: "If the holder of the tax-deed, or any one claiming under him by virtue of such tax-deed, be defeated in an action by or against him for the recovery of the land sold or the possession thereof, the successful claimant shall be adjudged to pay to the holder of the tax-deed or the party claiming under him by virtue of such deed, before such claimant shall be let into possession . . . the value of all improvements made by the said purchaser or persons claiming under him on such property. . . .  Such claim or amount so found to be due shall be and is hereby declared to be a lien upon such property included in said deed." The territory was the original holder of the tax-deeds, and Crocker, as the grantee of the deeds executed by the territory, was claiming under it as such holder, and as a party so claiming was defeated in the action for the recovery of the land. Under these facts, by the provisions of the statute, it was the duty of the court to decree the payment to him, by the successful claimant, of the value of the improvements. *Knowles* v. *Martin,* 20 Colo. 393, 38 Pac. 467.

It is urged by the appellant that the statute above quoted is fatally defective in not limiting the right of recovery for improvements to such holders of tax-deeds as enter under color of title and put on their improvements in good faith; and that the act is plainly unconstitutional because it compels the owner to pay for improvements made by a person buying a tax-deed with knowledge of its invalidity.  We do not understand that a person buying a tax-deed with knowledge of its invalidity could hold such property in good faith, or that, under the law as cited above, a deed void on its face would

give such possession as would authorize a person to recover for improvements made upon property held under it. The party in this action claiming under the holder of the tax-deed having entered under color of title and put on the improvements in good faith without knowledge of the invalidity of the tax-deed, renders unnecessary the consideration of the question as proposed. There is no good reason why the common rule, that an adverse claimant in good faith who has improved real estate may recover the value of his betterments when he is compelled to surrender them with the land, should not apply to those holding under tax-deeds issued under statutes that provide for the repayment to the tax purchaser of money expended by him in good faith in improvements on the land, in the event of the defeat of his title. The right of the legislature to make such requirements of the original owner as a condition precedent to the recovery of lands sold for taxes must now be considered as conclusively settled. Cooley on Taxation, 371; Black on Tax Titles, 2d ed., 437. There can be no serious question as to the constitutionality of the Arizona statute on this subject.

No error appearing in the record, the judgment of the lower court is affirmed.

Kent, C. J., and Sloan, J., concur.