NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

JOSE FERNANDO SILVA,
*Petitioner/Appellant*,

v.

BEATRIZ SILVA,
*Respondent/Appellee*.

No. 1 CA-CV 19-0684 FC

FILED 9-8-2020

Appeal from the Superior Court in Maricopa County
No.  FN2018-003122
The Honorable Margaret LaBianca, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Jorden Hiser & Joy, PLC, Phoenix
By Trevor Joseph Louis Burggraff
*Co-Counsel for Petitioner/Appellant*

Burggraff Tash Levy, PLC, Scottsdale
By Michael J. Dinn, Jr.
*Co-Counsel for Petitioner/Appellant*

Tessenderlo Kerley, Inc., Phoenix
By Randy A. McCaskill
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**M O R S E**, Judge:

¶1        Jose Fernando Silva ("Husband") appeals from the superior court's decree of dissolution of his marriage to Beatriz Silva ("Wife"), challenging the superior court's division of real property, the valuation of the community car, and the division of community debts. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife married in September 2006. During the marriage they purchased a house in Buckeye as the marital residence (the "House"). Husband testified he placed $500 down and the seller put down "around $2100" on Husband's behalf. Title to the House was in Husband's name only and Husband produced a notarized disclaimer deed signed by Wife. The disclaimer deed declared, in relevant part, that the House (a) had been purchased with Husband's sole and separate property, (b) Wife had no interest, claim, or lien in or against the property, and (c) Wife was executing the document "not for the purpose of making a gift" to Husband. Separate title notwithstanding, the down payment and all payments on the loan were made with community funds. Wife left the House in October 2018.

¶3        In November 2018, Husband filed a dissolution petition. In August 2019, the superior court held a dissolution trial. Husband and Wife both testified and represented themselves pro per.

¶4        The court found that the House was a community asset, ordered it sold, and awarded one-half of the equity in the House to each party. The court also awarded the community car, a 2009 Dodge Caliber,

to Husband and ordered him to pay Wife half of its $5,000 value. Finally, the court divided the community debts.

¶5        Husband timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1). In January 2020, this case was placed in this Court's Pro Bono Representation Program, and pro bono counsel was appointed to represent the parties in the appeal.

## DISCUSSION

### I.        Marital House.

¶6        Husband argues that the superior court erred by classifying the House as community property. We review de novo the legal question of whether property should be classified as community or separate. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007). We consider the evidence in the light most favorable to upholding the decree, deferring to the superior court's assessment of witness credibility. *Id.* at 522 n.1; *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

¶7        Property acquired during marriage is presumed to be community property. A.R.S. § 25-211(A); *Brebaugh v. Deane*, 211 Ariz. 95, 97-98, ¶ 6 (App. 2005). The presumption may be rebutted by clear and convincing evidence that the property is separate. *Brebaugh*, 211 Ariz. at 98, ¶ 6. A signed disclaimer deed rebuts the presumption of community property and the burden then shifts to the other party to prove by clear and convincing evidence that the deed is unenforceable on grounds of fraud or mistake. *Femiano v. Maust*, 248 Ariz. 613, 616, ¶ 10 (App. 2020); *see also Bell-Kilbourn*, 216 Ariz. at 523, ¶ 7 ("[T]he disclaimer deed constitute[s] a binding contract that must be enforced in the absence of fraud or mistake.").

¶8        As an initial matter, both parties allege the other waived their arguments on appeal regarding the disclaimer deed. But neither party disclosed their legal theories in their pretrial pleadings and the record indicates that neither party disclosed their exhibits prior to trial. The only pretrial reference to the disclaimer deed was one mention in Husband's resolution management statement.

¶9        At trial, Husband asserted his belief that the money he earned during the marriage was his separate property. Husband explained he secured the disclaimer deed "[b]ecause I wanted to buy a house . . . not knowing exactly where my relationship with her was headed to. I wanted to protect myself." When the superior court asked Wife about the disclaimer deed, she replied "[h]e's lying about that, because I never signed

any documents. I never gave up . . . my right, . . . because all the property, you know, I worked hard with him." On this record we find no waiver.

¶10         The superior court concluded the House was community property and found:

> Husband produced a Disclaimer Deed that includes the statement that the property is Husband's sole and separate property "having been purchased with the separate funds of the [Husband]." Husband testified at Trial, however, that the down payment and mortgage payments for the house were all paid from money earned during the community, and produced no evidence of an agreement or other facts to support a finding that earnings during the community would be deemed Husband's sole and separate property; for these reasons, the Court finds the marital residence is community property.

¶11         When a deed recites "the proper exercise of the powers granted, in the manner required by the law, it is held to be prima facie valid. It is not necessary that it be sufficient to withstand all evidence brought against it." *Silver Queen Min. Co. v. Crocker*, 8 Ariz. 397, 401 (1904). Thus, by presenting the disclaimer deed, Husband rebutted the community-property presumption, *Bell-Kilbourn*, 216 Ariz. at 524, ¶ 11, and the burden shifted to Wife to present clear and convincing evidence that the deed was the result of fraud or mistake, *Femiano*, 248 Ariz. at 616, ¶ 10. Rather than requiring Wife to prove fraud or mistake, the superior court refocused the burden on Husband, finding that he "produced no evidence of an agreement or other facts" to show that community "earnings" could be used to acquire Husband's separate property. But, of course, that is precisely what the disclaimer deed purports to do. *See Kadiyala v. Vemulapalli*, 1 CA-CV 17-0111 FC, 2019 WL 311713, at *3, ¶¶ 10, 13 (Ariz. App. Jan. 24, 2019) (mem. decision) (noting that incorrect statement on disclaimer deed that down payment was made with separate property "does not invalidate or defeat the transfer of title effected by the disclaimer deed"). Without examining whether the disclaimer deed resulted from fraud or mistake, the court erred in finding that the House is community property. *See Femiano*, 248 Ariz. at 615-16, ¶¶ 3, 15 (affirming determination of separate property even though "down payment and all payments on the loan were made with community funds").

¶12         On appeal, Wife argues that she proved fraud or mistake in the superior court, but the superior court never decided that question and

this Court is not in the best position to answer that fact question in the first instance.

**¶13**        Wife also argues that any error is harmless because Husband conceded that the superior court's equal distribution of the House's equity was proper and thus the status of the House as community or separate property is a dispute of form over substance. That is inaccurate because the distribution of equity is a separate inquiry from whether the house is community property or separate property. *Bell-Kilbourn*, 216 Ariz. at 524, ¶ 12.

**¶14**        Accordingly, we vacate the superior court's ruling that the House was community property and remand for the court to decide whether the disclaimer deed was induced by fraud or mistake. If the deed is valid, the court may "calculate the value of the community's expenditures on the house at the time of dissolution and then make a property distribution award that is fair and equitable under the circumstances." *Id.*

## II.        **Valuation of the 2009 Dodge Caliber.**

**¶15**        Husband also argues the superior court abused its discretion by valuing the 2009 Dodge Caliber at $5,000. "The valuation of assets is a factual determination that must be based on the facts and circumstances of each case." *Kelsey v. Kelsey*, 186 Ariz. 49, 51 (App. 1996). "We review a trial court's findings of fact for abuse of discretion and reverse only when clearly erroneous." *In re Marriage of Gibbs*, 227 Ariz. 403, 406, ¶ 6 (App. 2011).

**¶16**        Both parties presented testimony valuing the car. Wife estimated the car's value at "$6,000 or $5,000." Husband argued the car was worth about $2,200-$2,400. Neither party presented documentary evidence. The superior court valued the car at $5,000, awarded it to Husband, and ordered that Husband owes Wife $2,500. The court's valuation is reasonable—between the parties' estimates. *See State Tax Comm'n v. United Verde Extension Mining Co.*, 39 Ariz. 136, 140 (1931) (holding that when valuing property "a result anywhere between the highest and the lowest estimates . . . which is reasonable will be sustained by an appellate court"). We will not reweigh the evidence of the car's value on appeal. *See Gutierrez*, 193 Ariz. at 347, ¶ 13 ("We will defer to the [family] court's determination of witnesses' credibility and the weight to give conflicting evidence.").

**¶17**        Husband filed a "Motion to Amend the Decree of Dissolution" requesting, among other things, that the court adjust the value of the car. He attached to the motion a car valuation from Kelly Blue Book ("KBB").

The court denied the motion. Husband argues on appeal that the KBB print-out supports his argument that the court's valuation was erroneous. We decline to address arguments made to the superior court for the first time in a post-trial motion. *See Medlin v. Medlin*, 194 Ariz. 306, 308, ¶ 6 (App. 1999).

### III. Division of Community Debts.

**¶18** As a part of the property division, the superior court ordered Husband to pay 80% of certain community debts, including a Walmart credit card, a Capital One credit card, and a personal loan from Bank of America. The court explained "that Husband has continued to use the credit cards listed in the debts, which is why the Court orders Wife pay 20% and Husband pay 80% of those debts." On appeal, Husband argues that the decision is inequitable and unsupported by the record.

**¶19** The superior court has broad discretion in apportioning community property and debt between parties at dissolution, and we will not disturb its allocation absent an abuse discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). In reviewing the superior court's division of property, we consider the evidence in the light most favorable to upholding the court's ruling and will sustain the ruling if it is reasonably supported by the evidence. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).

**¶20** We presume that debts incurred during marriage are community obligations unless the party seeking to overcome this presumption provides clear and convincing evidence to the contrary. *In re Marriage of Flower*, 223 Ariz. 531, 537, ¶ 24 (App. 2010). Under A.R.S. § 25-318, community property is to be divided "equitably" absent a sound reason otherwise appearing in the record. *See Toth v. Toth*, 190 Ariz. 218, 221 (1997); *see also* A.R.S. § 25-318(C) (family court may consider excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community property when dividing such property at dissolution). "Equitable" "is a concept of fairness dependent upon the facts of particular cases." *Toth*, 190 Ariz. at 221.

**¶21** Husband's discrete challenge to the allocation of particular debts ignores the court's overall distribution of assets. An equitable distribution of property need not be exactly equal "but must result in substantial equality." *Miller v. Miller*, 140 Ariz. 520, 522 (App. 1984); *see Flower*, 223 Ariz. at 537, ¶ 24 ("Division of property upon dissolution should . . . take into consideration the overall marital estate."); *see also Neal v. Neal*,

116 Ariz. 590, 594 (1977) (approving consideration of "future earning ability" in the apportionment of community obligations).

**¶22**        Husband asserts that the superior court's stated reason for its division of the debt is factually incorrect, and thus clearly erroneous.  But the record supports the court's finding.  For 10 months after Wife left the House, Husband kept all of the community cash, controlled all of the couple's credit, and used the community's credit cards.  Further, Husband admitted that in November 2018, after Wife left the House, he removed her name from their joint bank account.

**¶23**        Husband also argues that most of the debt accumulated prior to the separation and thus is community debt.  Husband did not provide evidence to prove this point; he offered no credit card or bank statements from either the time of separation or service of the petition.  Regardless, this argument is misplaced because the court found the challenged debts were community debts, but after the parties separated, Husband used the community credit cards for his own benefit.  Dividing community debt to account for such expenditures is within the court's discretion.  *See Martin v. Martin*, 156 Ariz. 452, 458 (1988) ("[W]hen the court finds that one spouse has intentionally dissipated marital property, the value of the dissipated property is added to the other existing marital property, and the total divided equitably.").

**¶24**        Finally, we decline to address Husband's argument that the superior court's order lacks substantial reasoning justifying the division.  Because Husband failed to request findings of fact and conclusions of law, he waived the argument on appeal.  *See Nia v. Nia*, 242 Ariz. 419, 425, ¶ 26 (App. 2017).

**¶25**        Given the totality of the circumstances, the superior court's division of debts is reasonable and not an abuse of discretion.

**CONCLUSION**

**¶26** We vacate the superior court's determination of the House as community property, affirm in all other respects, and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA