[No. 14109.   Department One. — October 19, 1892.]

R. S. MILLER ET UX., APPELLANTS, v. W. A. L. MILLER ET AL., RESPONDENTS.

TAX DEED — CONSTRUCTION OF POLITICAL CODE — EVIDENCE OF TITLE — NOTICE OF PURCHASER TO OWNER. — The provision of section 3787 of the Political Code that a tax deed shall be " conclusive evidence of the regularity of all other proceedings " refers to the acts and proceedings required to be done and had at the hands of the public officials intrusted with the various steps leading up to the execution of the tax deed, and not to the acts required to be done by the applicant for the deed, under the statute subsequently enacted, in reference to serving notice upon the owner thirty days previous to the expiration of the time for redemption, or thirty days before he applies for a deed; and in the absence of the proof of such notice, the tax deed is no evidence of title.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Charles F. Burton,* and *A. C. Freeman,* for Appellants.

The tax deed vested the grantees with title in fee to the property. (*Hewes* v. *McLellan,* 80 Cal. 393; *Rollins* v. *Wright,* 93 Cal. 395; Pol. Code, sec. 3786.) The deed is conclusive upon the question of the giving of notice to the owner. (Pol. Code, sec. 3786; *De Treville* v. *Wright,* 98 U. S. 525; *Rollins* v. *Wright,* 93 Cal. 395.) But whether conclusive or not, it was *prima facie* evidence of everything necessary to support it. (Pol. Code, sec. 3785.)

*W. A. S. Nicholson,* for Respondents.

A strict compliance with the provisions of the law relating to notice of the expiration of the time of redemption is necessary, and proof of the giving of the notice is essential. (Parsons's Blackwell on Tax Titles, secs. 682, 683, 685; *Holbrook* v. *Fellows,* 38 Ill. 441, 442; *Nelson* v. *McKenna,* 52 Ill. 43; *Grimm* v. *O'Connell,* 54 Cal. 524; *Oullahan* v. *Sweeney,* 79 Cal. 537; 12 Am. St. Rep. 172; *Atkins* v. *Kinnan,* 20 Wend. 240; *Hughes* v. *Cannedy,* 92 Cal. 387; *Emeric* v. *Alvarado,* 90 Cal. 449.)

GAROUTTE, J.—This is an action to quiet title, and an appeal is before us from the judgment, upon a bill of exceptions. Appellants introduced their tax deed in evidence and rested, insisting that such deed established a *prima facie* title in them. We are unable to see that respondents' evidence was material to the case in any degree, and consequently we have nothing before us for consideration upon the question of title save the tax deed of appellants. In viewing a tax deed from a common-law stand-point, the author of Blackwell on Tax Titles, at section 845, says: "This deed, according to the principles of the common law, is simply a link in the chain of the grantee's title. It does not *ipso facto* transfer the title of the owner as in grants from the government, or in deeds between man and man. The operative character of it depends upon the regularity of the anterior proceedings. The deed is not the title itself, nor even

evidence of it. Its recitals bind no one. It creates no estoppel upon the former owner. No presumption arises upon the mere production of the deed that the facts upon which it is based had any existence." Such being the *status* of a tax deed at the common law, it is apparent that whatever dignity and value is attached to this deed as evidence of title is granted it by the statutory provisions of this state.

Section 3786 of the Political Code declares that the matters recited in the certificate of sale must be recited in the deed, and that such deed, duly acknowledged or proved, is primary evidence (*prima facie*) of certain matters and proceedings, specially naming them. Section 3787 provides that "such deed, duly acknowledged or proved, is (except as against actual fraud) *conclusive* evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed."

These provisions of the statute are plain and explicit, and in the absence of other and additional legislation, there would seem to be no question but that the production of a tax deed in evidence established a *prima facie* title. But several years subsequent to the foregoing legislation, a statute was enacted, providing that the purchaser of property sold for delinquent taxes, or his assignee, must, thirty days previous to the expiration of the time for redemption, or thirty days before he applies for a deed, serve a notice upon the owner, stating certain matters, and further providing that the owner of the property shall have the right of redemption indefinitely until such notice shall have been given, etc. It is now insisted by respondents that the service of this notice is a condition precedent to the execution of the deed, and appellants having failed to prove such service, the deed was issued without authority, and therefore passed no title. An enactment similar in principle to the one under investigation is found in the statutes of New York, and also in the constitution of Illinois, and it has been uniformly held in those states that in the

absence of such notice the deed was no evidence of title. (*Holbrook* v. *Fellows*, 38 Ill. 440; *Wilson* v. *McKenna*, 52 Ill. 43; *Williams* v. *Underhill*, 58 Ill. 137; Blackwell on Tax Titles, sec. 699.)   The service of this notice is not one of those matters established *prima facie* by the deed under section 3786, *supra*, but it is insisted that under section 3787, *supra*, the deed *ipso facto* is made conclusive évidence of such service.   If the authority of the officer to make the deed depends upon the service of a certain notice, it is very questionable whether the legislature has the power to declare that the deed shall be conclusive evidence that such notice was served, but we do not find it necessary to enter into a discussion of that question.

As already suggested, this enactment of the legislature requiring notice to be served, etc., is of much more recent date than section 3787 of the Political Code, and it is very apparent, upon an inspection of these provisions, that the legislature never intended that it should come within the purview of that section.   It certainly should not be held by this court to be embraced within the rules of evidence there provided, in the absence of an express declaration to that effect, for the section is severe and rigid in its operation.   The words " conclusive evidence of the regularity of all other proceedings," as used in the section, refer, and were intended by the framers of the provision to refer, to the acts and proceedings required to be done and had at the hands of the public officials intrusted with the various steps leading up to the execution of a tax deed, and not, as in this case, to something required to be done by the applicant for the deed.

This is the construction placed upon a very similar provision by the supreme court of Iowa, and is undoubtedly the true one: "But it is said that the same section provides that the deed shall be conclusive evidence 'that all things whatsoever required by law to make a good and valid sale and to vest the title in the purchaser were done, except in regard to the points named in this sec-

tion, wherein the deed shall be presumptive evidence only,' and that the deed is not made presumptive evidence of the notice of expiration of the time of redemption, and as that is necessary to vest title in the purchaser, the deed must, under the provision, be regarded as conclusive evidence of it. This provision is found in subdivision 3 of the section in question, which purports to treat of the prerequisites to be complied with by the *officers* having any part in the transaction relating to or affecting the title conveyed. We think it does not extend further. The giving of notice of the expiration of the time of redemption is something to be done by the holder of the tax certificate. The statute went very far in making the deed conclusive evidence that the prerequisites to be complied with by the officers had been complied with; yet the officers were elected for the purpose of doing the things constituting the prerequisites, and are wholly disinterested. We cannot think that the statute designed to allow the holder of the tax deed to rely upon it as conclusive evidence of the things to be done by himself. The effect of the statute requiring notice to be given of the expiration of the time of redemption is to lull property owners into security. If a tax deed is conclusive evidence of notice, where there is no notice, the provision constitutes a most dangerous trap instead of a protection to property owners." (*Reed* v. *Thompson,* 56 Iowa, 455; approved in *Wilson* v. *Crafts,* 56 Iowa, 450.)

The authorities in this state, indirectly at least, hold that the tax deed is not conclusive evidence as to these matters. In *Landregan* v. *Peppin,* 86 Cal. 126, the deed was declared void because the recitals upon this question of notice therein contained showed that the law had not been followed in that regard. Now, if the deed *ipso facto* was conclusive evidence that the proper notice was given, any recitals therein showing to the contrary were of no avail, for if conclusive, the matter was foreclosed from investigation, and it follows that the court, in order to give weight to these recitals of the deed, necessarily held

that the statute did not conclude and bar an investigation as to the merits of the notice. In *Hughes* v. *Cannedy,* 92 Cal. 386, the deed was declared void because the notice posted upon the land was fatally defective. If the deed was conclusive as to the sufficiency of the notice, this decision of the court could not be supported. It is also intimated in *Rollins* v. *Wright,* 93 Cal. 399, that section 3787 of the Political Code has no reference to this matter.

Let the judgment be affirmed.

Paterson, J., and Harrison, J., concurred.