96   501
118  627

[No. 14709.   Department One. — November 29, 1892.]

IRA HILL REED, APPELLANT, *v.* J. L. LYON ET AL., RESPONDENTS.

TAX SALE — NOTICE TO REDEEM — STATEMENT OF EXCESSIVE AMOUNT — VOID DEED. — A notice to redeem from a tax sale, preliminary to a demand for a deed, pursuant to section 3785 of the Political Code, must state the amount then due, and if the amount therein stated is in excess of the amount then actually due, the time for redemption does not expire, and the tax deed given thereunder conveys no title.

ID. — FEE FOR SERVICE OF NOTICE. — The fee of three dollars allowed for service and proof of service of the notice to redeem is no part of the sum due at the date of the notice, and no part of such fee can be included in the notice of the sum due.

ID. — NOTICE LIMITING REDEMPTION — CONSTRUCTION OF STATUTE — SUBSTANTIAL CONFORMITY REQUIRED. — The statutory notice limits the period of redemption, and until the prescribed notice is given, the redemptioner is not called upon to redeem, and may insist upon a strict construction of the statute. Although a substantial, rather than a literal, conformity to the statute may possibly be considered sufficient, its express requirements cannot be avoided on the ground that they serve no useful purpose.

ID. — CONCLUSIVENESS OF TAX DEED — ACTS REQUIRED OF APPLICANT FOR DEED. — The conclusiveness of a tax deed, under section 3787 of the Political Code, as to the proceedings, from the assessment to the execution of the deed, other than those mentioned in section 3786 of the same code, relates only to acts and proceedings required to be done and had at the hands of the public officials intrusted with the various steps leading up to the execution of a tax deed, and not to acts required by the applicant for the deed, in respect to the statutory notice of redemption.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Willis, Cole & Craig, F. J. Solinsky,* and *Ira Hill Reed,* for Appellant.

*Harris & Gregg,* for Respondents.

TEMPLE, C. — This is plaintiff's appeal from the judgment.

Plaintiff sued to quiet his title to a tract of land which he claims under a tax sale. At the trial, he offered in evidence, — 1. The certificate of sale for taxes, duly assigned to him; 2. Notice to redeem, preliminary to demand for a deed, pursuant to section 3785 of the Political Code; 3. Tax deed to his assignor.

To this evidence many objections were interposed, but none are insisted upon here, except that the notice to redeem did not state the amount due, but stated an amount to be due in excess of the true amount.

The tax and costs for which the property was sold amounted to $18.66. Adding 50 per cent authorized by statute, we have $27.99. The statement in the notice was: "The amount due at the date of this notice is twenty-eight and ninety-nine hundredths dollars."

Section 3785 of the Political Code provides that the purchaser shall be entitled to receive the sum of three dollars for the service of said notice, and the making of an affidavit of service, "which sum of three dollars shall be paid by the redemptioner at the same time and in the same manner as other costs, percentage, penalties, and fees are paid."

Appellant contends, that inasmuch as the notice correctly stated the amount for which the property was sold, knowing which, it is easy to find the sum required to redeem by simply adding fifty per cent, the notice did substantially state the last-mentioned sum, and the defendant could not be misled; and further, that as he was entitled to charge three dollars additional costs for serving the notice and making proof, the amount stated was less than the amount due; that he had a right to remit part of what was due him, and the defendant can-

not complain if he was willing to accept less than the sum actually due.

Parties attempting to redeem have often failed to accomplish their object by offering or paying a sum somewhat less than the amount really due. No doubt one reason for requiring the notice was, that the redemptioner might know what amount the purchaser claimed to be due. Paying this, I have no doubt a redemption would be effected, even though it should prove less than the amount really due. In this case, I fail to see, however, that the amount stated in the notice was less than the amount really due. The notice must state " the amount then due." The three dollars was not due when the notice was signed, or even when served, and not until proof of such service was made and left with the tax collector. Therefore, it was not true that the amount then due was $28.99, or so much as that.

But there is another view of that matter, which appellant will find it difficult to answer. Sections 3780 and 3785 of the Political Code, in effect, extend the time of redemption for one year, and until the notice prescribed has been given. In the last-mentioned section, it is expressly stated that the time is extended indefinitely, unless such notice be given. Since this is purely a matter of statutory control, it is evident that the notice prescribed must be given. No other notice will have that effect. A substantial, rather than a literal, conformity to the statute may possibly be considered sufficient. But beyond this the courts cannot go. The express requirements cannot be avoided on the ground that they serve no useful purpose. The time for redemption has not expired, unless such notice has been given.

This requirement differs materially, and in some respects must be construed differently, from provisions chiefly designed to secure efficient and harmonious action on the part of revenue officers, who are to levy taxes, make assessments, and collect revenues for the state.

The question then is, Has the tax-payer been injured or deprived of some privilege or opportunity to be heard

by the irregularity? Here the statutory notice limits the period of redemption, and until the prescribed notice is given, the redemptioner is not called upon to redeem, and may insist upon strict construction of the statute. For the court to condone material irregularity here would be to deprive one of his estate; whereas the purchaser still holds his certificate, and may yet take steps to end the period of redemption.

But it is said that the deed, under section 3787 of the Political Code, is made "conclusive of all other proceedings (that is, proceedings not expressly mentioned in section 3786), from the assessment by the assessor, inclusive, up to the execution of the deed," and therefore the question is not open. The deed, it is true, recites the notice, and from that recital the defect appears, but it is claimed that this recital is surplusage. The statute prescribes what shall be stated in the deed; that as to certain matters it shall constitute *prima facie* proof; and (sec. 3787) that as to all other matters, except actual fraud, it shall be conclusive evidence of the regularity of proceedings, "from the assessment, inclusive, up to the execution of the deed."

This would present a difficult question, perhaps, but it has recently, since this appeal was taken, been considered and decided by this court in *Miller* v. *Miller, ante,* p. 376, where it was held that the other proceedings referred to, as to which the deed is made conclusive, are the acts and proceedings "required to be done and had at the hands of the public officials intrusted with the various steps leading up to the execution of a tax deed, and not, as in this case, to something required to be done by the applicant for the deed."

It would follow that the judgment should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.