[L. A. No. 1067.   Department Two.—September 17, 1902.]

D. C. COLLIER, Jr., Plaintiff, Appellant, and Respondent,
v. E. E. SHAFFER, Auditor of San Diego County, De-
fendant, Respondent, and Appellant.

TAXATION—REDEMPTION FROM STATE—LAW AT TIME OF SALE.—The
redemption of land sold to the state for taxes is governed by the
law in force at the date of the sale.

ID.—INTEREST.—The interest provided for in section 3817 of the Political
Code is to be computed only upon the taxes due, and not upon the
penalty or costs.   The statute furnishes the rule, and its letter can-
not be departed from.

ID.—PENALTY—SALE IN 1890—CONSTRUCTION OF STATUTE.—Upon a sale
for taxes made in 1890 the only penalty which ''accrued by reason
of the delinquency and sale,'' was fixed at five per cent, and the
provision of section 3817 of the Political Code for ''twenty-five
per cent penalty, which may have accrued by reason of such delin-
quency and sale,'' must be held to mean the five-per-cent penalty
which so actually accrued under the statute, and which must be
calculated upon the amount of the original taxes.

ID.—TAXES FOR SUBSEQUENT YEARS—VALUATION—PENALTY—INTEREST.
—The taxes for subsequent years should be computed at the rate
fixed therefor, but upon the same valuation as that fixed for the
year of the delinquency and sale; and no penalty should be imposed
upon such taxes, but legal interest should be computed thereon.

ID.—FEE OF COUNTY AUDITOR—CHANGE OF STATUTE AS A REMEDY.—
Though the statute provided for a fee of the county auditor when
the sale was made, yet the fees, having been abolished prior to the
redemption, could not be exacted.   The amendment eliminating
the charge went to the remedy, and was valid and applicable to
such redemption.

CROSS-APPEALS from a judgment of the Superior Court
of San Diego County.  E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Collier & Smith, for Plaintiff, Appellant, and Respondent.

T. L. Lewis, District Attorney, and A. Haines, Assistant
District Attorney, for Defendant, Respondent, and Appellant.

THE COURT.—The plaintiff filed a verified application for
a writ of mandate against the defendant, as auditor of San
Diego County, to compel the defendant in his official capacity

to furnish certain estimates of the amount due in order to redeem certain tracts of land from a sale to the state for delinquent taxes for the year 1889-1890. The defendant as auditor had furnished an estimate which included the following items, —stated in the complaint as follows, to wit:—

"1. The taxes for the year 1889-90.

"2. Five per cent penalty on said taxes, as provided by section 3756 of the Political Code as it existed prior to the amendment in 1891.

"3. Costs, as provided by section 3770 of the Political Code, being fifty cents on each tract of land separately assessed.

"4. Interest on the above amounts obtained by adding 1, 2, and 3 together, figured at 7 per cent per annum from the date of sale.

"5. Twenty-five per cent penalty on redemption figured on the amount obtained by adding 1, 2, and 3 together.

"6. State and county taxes for 1890-91, figured upon the assessed value for that year and at the rate of taxation established for that year.

"7. Five per cent penalty thereon for delinquency obtained by adding 6 and 7 together.

"9. State and county taxes for 1891-92 upon the assessed valuation of that year and at the rate of taxation for that year.

"10. Fifteen and five per cent penalties upon the first and second installments, as provided by section 3756 of the Political Code as amended in 1891.

"11. Interest on the amount obtained by adding 9 and 10 together from January 1, 1892, at 7 per cent per annum.

"12. State and county taxes for the year 1892-93, figured upon the assessed valuation of that year at the rate of taxation for said year.

"13. Fifteen and five per cent penalties upon delinquency upon the first and second installments thereof, as provided by section 3756 of the Political Code as amended in 1891.

"14. Interest on the amount obtained by adding 12 and 13 together, from January 1, 1893, at 7 per cent per annum.

"15. Fee of auditor for making the estimates, $2.00."

The defendant demurred to the affidavit or complaint, making several specific assignments. The court sustained the demurrer as to certain of the items and overruled it as to

others. The parties declined to amend, and judgment was accordingly entered directing the defendant as auditor to make the estimates as per the rulings of the court on demurrer. Both parties appeal from the judgment, and the questions for determination relate to the construction of section 3817 of the Political Code, in force at the date of the sale, as to the proper items required to be paid in order to redeem land sold to the state for delinquent taxes. The redemption of land so sold to the state is governed by the law in force at the date of the sale. (*Teralta Land etc. Co.* v. *Shaffer,* 116 Cal. 518.[1]) It was provided in said section that the person whose real estate had been sold to the state should have the right to redeem the same before it had been disposed of by the state by paying to the county treasurer as follows:—

"The amount of taxes due thereon at the time of said sale, with interest thereon at the rate of seven per cent per annum; and also all taxes that were a lien upon said real estate at the time said taxes became delinquent; and also for each year since the sale for which taxes on said land have not been paid, an amount equal to the percentage of state and county tax for that year, upon the value of said real estate assessed for the year of the sale, with interest from the first day of January of each of said years, respectively, at the same rate; and also all costs and expenses, and twenty-five per cent penalty, which may have accrued by reason of such delinquency and sale, and the costs and expenses of such redemption, as hereinafter specified."

We will discuss only the objections made to the items of the auditor's estimate, as no other questions are before us. The property was sold to the state on the 19th of March, 1890. At the time the taxes became due, and at the time of the sale, section 3756 of the Political Code provided that all taxes became delinquent on the last Monday in December, and thereafter the tax collector must collect an additional sum of five per cent.

The plaintiff contends that the computation of interest, in item 4 of the auditor's estimate, upon the items 2 and 3, as to the five-per-cent penalty and costs, was not permissible under the statute, and we think his contention is correct.

[1] 58 Am. St. Rep. 194.

When the statute says "the amount of taxes due thereon at the time of sale and interest thereon," it clearly means interest upon the taxes due. At the time of the sale there was a penalty due and certain costs, but the statute has only provided for the collection of interest upon the taxes due. The penalty was not taxes due; neither was the costs. The statute furnishes the rule, and we cannot depart from its letter in proceedings of this nature.

The next objection is made to item 5 of the estimate, which included twenty-five per cent penalty on the sum of the amounts set forth in items 1, 2, and 3. This objection should have been sustained. The statute requires the party redeeming to pay all costs and expenses "and twenty-five per cent penalty, which may have accrued by reason of such delinquency and sale." There is no penalty of twenty-five per cent by reason of any delinquency and sale, unless the words above quoted create it. The language evidently refers to a penalty that has already accrued by reason of the delinquency and sale. The penalty for delinquency was fixed at five per cent, and the sale to the state was "for the taxes and costs due." (Pol. Code (in force in 1890), secs. 3756, 3770, 3773.) The statute, therefore, must be held to mean the five-per-cent penalty which accrued by reason of the delinquency and sale, and as there is no provision for any penalty, except upon the taxes due and unpaid, the five per cent should be calculated upon the amount of the original taxes.

Item 6 should have included the taxes upon the value of the real estate for the year of the sale 1889-1890. The rate should be the percentage of state and county taxes for each year after the sale, as fixed by the proper authorities for such year, but upon the value as fixed and assessed the year of the sale, and upon which the sale was based. This is the evident meaning of the statute. It may be that the property was of greater value for the succeeding years after the sale, and that the owner, by allowing it to be sold and redeeming, will in fact pay less taxes, but, on the other hand, it may be that it depreciated in value. However this may be, the statute fixes the rule by which the owner may be relieved from the burden placed upon his lands, and when he complies with the statute he is entitled to the relief.

It follows that item 7, fixing a penalty of five per cent upon

the taxes for 1890-1891, is incorrect.  The statute does not authorize any such penalty.  Item 8 should have included interest on the taxes for 1890-1891 levied and assessed as hereinbefore stated.  Item 9 should have included taxes levied upon the assessed valuation as per the year of the sale, and so for each succeeding year.  In each case the computation should be based upon the value assessed for the year of the sale and at the rate for the year in which the assessment would have been made, if the property had still belonged to the owner.  Finally the five-per-cent penalty which accrued by reason of the delinquency should be paid, and this penalty is to be computed upon the amount of the original tax, and no other penalties are to be computed.

Item 15 should be eliminated.  The section provided at the time of the sale that the county auditor shall be paid by the redemptioner the sum of two dollars for making out the estimate.  The section was amended in 1895, and in its amended form it is made the duty of the auditor to make the estimate without any fee therefor.  It is now part of his official duty.  The legislature by the amendment could not impose additional burdens upon the party desiring to redeem, but it could relieve him of burdens.  The amendment eliminating the charge of two dollars went to the remedy, and was valid to this extent. (*Oullahan* v. *Sweeney,* 79 Cal. 538.[1])

The judgment is reversed and the court below directed to enter judgment in accordance with the views herein expressed.