[S. F. Nos. 4077, 4013.   Department One.—January 8, 1907.]

## T. L. JOHNSON, Appellant, v. JOHN TAYLOR, Administrator, etc., et al., Respondents.

TAXATION—SALE—REDEMPTION—LAW IN FORCE AT TIME OF SALE—
POWER OF LEGISLATURE.—The law in force at the time of a sale
for taxes regulates the right of redemption therefrom; and it is
not within the power of the legislature to take away that right, or
prejudicially to affect it, by subsequent legislation.

ID.—LAW REQUIRING NOTICE TO OWNER—ABSENCE OF NOTICE—CHANGE
OF LAW—INVALIDITY OF DEED TO STATE.—Where the law in force
at the time of a tax-sale required the purchaser or his assignee,
within thirty days prior to the expiration of the time for redemp-
tion, or before a deed was applied for, to serve written notice upon
the owner or occupant of such expiration or application, and to
file an affidavit with the tax-collector showing such service, before
a deed could be issued, and where the law was changed prior to the
tax-deed dispensing with such notice, a deed made by the tax-
collector to the state without such notice and affidavit passed no
title thereto, and a subsequent deed by the state to a third party
is void and cannot support an action to quiet title against the owners
of the property.

ID.—ACTION TO QUIET TITLE—CROSS-COMPLAINT—JUDGMENT FOR DE-
FENDANTS—WAIVER OF OBJECTION.—Where the defendants in an
action to quiet title sought by cross-complaint to quiet their title
against the plaintiff, and without objection thereto by demurrer or
motion to strike out plaintiff answered the cross-complaint, and a
trial was had upon the merits, and judgment was rendered affirma-
tively, quieting the title of defendants, the plaintiff must be deemed
to have consented to the mode of procedure, and the objection that
affirmative relief could not be granted to defendants under their
cross-complaint cannot be urged by plaintiff upon appeal for the
first time without regard to the question of merit in the objection.

APPEAL from a judgment of the Superior Court of Men-
docino County and from an order denying a new trial.   J. Q.
White, Judge.

The facts are stated in the opinion of the court.

Thomas, Pemberton & Thomas, for Appellant.

Mannon & Mannon, for Respondents.

SLOSS, J.—The plaintiff brought this action to quiet title to certain land in Mendocino County. The defendants answered, denying the plaintiff's title, and filed cross-complaints setting up title in themselves and praying that their title be quieted against the plaintiff. Judgment went for the defendants, granting them the affirmative relief sought by them. The plaintiff's motion for a new trial was denied, and he now appeals from the judgment and from the order denying his motion for a new trial.

Defendants are the heirs and successors in interest of W. H. Johnson, and it is admitted that they are the owners of the land, unless W. H. Johnson's title was divested by certain tax proceedings culminating in a deed from the state of California to the plaintiff. The land in question was assessed to W. H. Johnson for the year 1893, and was sold to the state for non-payment of taxes on July 7, 1894. The tax-collector executed a deed to the state on July 7, 1899, and a deed was executed to the plaintiff by the tax-collector, acting under the authorization of the state controller, on May 3, 1902. On account of some irregularities in the original deed to the state, an amended deed to the state was executed on April 8, 1902. (Pol. Code, sec. 3805b; Stats. 1901, p. 651.)

At the trial the defendants interposed various objections to the introduction in evidence of these instruments. The objections were sustained, and the appellant upon the appeal from the order denying his motion for a new trial seeks to review these rulings. If any of the objections made was good, the evidence of the tax proceedings was properly excluded. We are satisfied that the respondents are correct in their contention that there is at least one fatal objection to the validity of the tax-deeds to the state, and it will be unnecessary, therefore, to consider the other objections. In 1894, when the sale of the property was made, the Political Code provided that if property sold for non-payment of taxes was not redeemed within the time allowed by law the tax-collector must make to the purchaser, or his assignee, a deed of the property; providing, however, that such purchaser, or his assignee, must, thirty days previous to the expiration of the time for such redemption, or thirty days before he applies for the deed, serve upon the owner of the property, or upon the person occupying it, a written notice showing, among other things,

when the right of redemption will expire, or when the purchaser will apply for a deed. And it was provided that no deed should be issued by the tax-collector until this notice should have been given, and an affidavit filed with the tax-collector showing that it had been given. (Pol. Code, sec. 3785, amended 1891; Stats. 1891, p. 134.) Section 3780 of the same code provided that a redemption might be made by the owner or any party in interest within twelve months from the date of the purchase, or at any time prior to the filing of the affidavits and the application for a deed, as provided for in section 3785. (Stats. 1891, p. 133.) As the law then stood, a deed could not be issued to the purchaser without the giving of the notice required by section 3785 (*Hughes* v. *Cannedy*, 92 Cal. 382, [28 Pac. 573]), and one relying on a tax-deed was bound to establish the giving of such notice as a part of his proof of title. (*Miller* v. *Miller*, 96 Cal. 376, [31 Am. St. Rep. 229, 31 Pac. 247]; *Reed* v. *Lyon*, 96 Cal. 501, [31 Pac. 619]; *Walsh* v. *Burke*, 134 Cal. 594, [66 Pac. 866].) Furthermore, this court has held in *San Francisco etc. Land Co.* v. *Banbury*, 106 Cal. 130, [39 Pac. 439], that the requirement of giving notice applied as well to the state as to a private purchaser.

In the case at bar there was no proof of any such notice having been given, and it would follow, if the case is to be decided on the law as it existed when the sale was made, that the plaintiff failed to establish that any title ever passed from W. H. Johnson to the state.

The appellant contends, however, that the validity of the deed is to be determined by the provisions of law existing at the time such deed was made, rather than at the date of sale. Between 1894, when the sale took place, and 1899, when the deed was executed, the law relating to redemption from tax-sales and the execution of tax-deeds was materially altered. In 1895 the legislature passed a series of amendments to the Political Code, changing the entire scheme of tax-sales. Since 1895 it is provided that all property sold for delinquent taxes shall be sold to the state, and no sales to private purchasers are permitted, as they were prior to the time of these amendments. (Pol. Code, sec. 3771; Stats. 1895, p. 377.) By section 3785, as then amended, the tax-collector is required to make a deed to the state if the property is not redeemed

within the time (five years) allowed by law for its redemption. The provision for notice of intention to provide for a deed was eliminated from section 3785. Section 3780 was at the same time amended so as to provide that a redemption might be made within five years from the date of the purchase, or at any time prior to the entry or sale of the land by the state. And the land became subject to such entry or sale immediately upon the filing of the tax-collector's deed with the proper officer. (Pol. Code, sec. 3788, 3897.)

To apply section 3785, as amended, to sales made before the amendment went into effect, would undoubtedly give the amendment a retroactive effect. Whatever may be the general rule as to construing sections of the code so as to prevent their having a retroactive effect (Pol. Code, sec. 3), the legislature has, in this instance, declared plainly its intent that the amendment to section 3785 should apply to all tax-deeds thereafter made, whether or not the sale had already taken place. It appears that the legislature in 1895 enacted two different amendments to section 3785 of the Political Code. They are substantially similar so far as the points already noted are concerned. One was approved February 25, 1895, and the other March 28, 1895. The latter, after setting forth the provisions for the making of a deed by the tax-collector to the state, in the event the property is not redeemed within the time allowed by law, contains the following language: "In all cases where land has heretofore been sold to the state for delinquent taxes, the deed therefor shall be made to the state within one year after this act takes effect; provided five years shall have elapsed after the date of such sale." In view of this provision it cannot be doubted that the legislature intended to make and did make section 3785 apply to cases of sales made prior to the adoption of the amendment, and such amendment must therefore be given a retroactive effect, unless some constitutional right would be violated by giving it such effect.

Ordinarily "the right of redemption from a tax-sale must be governed by the law in force at the time of the sale; it cannot be affected by subsequent legislation." (Black on Tax Titles, sec. 175.) In *Teralta Land etc. Co.* v. *Shaffer*, 116 Cal. 518, [58 Am. St. Rep. 194, 48 Pac. 613], this court said: "The question here, however, is: Can the legislature, after

a tax-sale, lawfully amend the law so as to provide new and more onerous conditions to the right to redeem than those which existed when the sale was made? We think this question is answered in the negative by the elementary writers and by the adjudicated cases.'' In support of this conclusion the court cites Cooley on Constitutional Limitations, 6th ed., p. 353; Black on Tax Titles, sec. 175; Blackwell on Tax Titles, 5th ed., sec. 729; *Negus* v. *Yancey,* 22 Iowa, 57; *Goenen* v. *Schroeder,* 8 Minn. 387; *Robinson* v. *Howe,* 13 Wis. 341; *Conway* v. *Cable,* 37 Ill. 82, [87 Am. Dec. 240]; *Moody* v. *Hoskins,* 64 Miss. 468, [1 South. 622]; *Caruthers* v. *McLaran,* 56 Miss. 371; *Wolfe* v. *Henderson,* 28 Ark. 304. In the Teralta case the court quotes the following from *Merrill* v. *Dearing,* 32 Minn. 479: ''The right of property acquired by the purchaser at this sale and the right of redemption remaining to the owner must both be governed by the law in force at the time of sale. Neither, in our judgment, could be either abridged or enlarged by subsequent legislation. This is unquestionably so as to the right of the purchaser. The same rule ought to apply in favor of the owner as against any statute shortening the time to redeem, as it is equally unjust to legislate against the owner of the land as in his favor.'' Accordingly, it was held in the Teralta case that the legislature could not constitutionally, as to past tax-sales, pass a law increasing the penalties to be paid on redemption. See, also, *Collier* v. *Shaffer,* 137 Cal. 319, [70 Pac. 177], in which the court said: ''The redemption of land so sold to the state is governed by the law in force at the date of the sale.'' If *Tuolumne Redemption Co.* v. *Sedgwick,* 15 Cal. 517, and *Moore* v. *Martin,* 38 Cal. 428, are inconsistent with these views, they must be regarded as overruled by later cases. (See *Welsh* v. *Cross,* 146 Cal. 621, 630, [106 Am. St. Rep. 63, 81 Pac. 229].)

We think the principle of *Teralta Land etc. Co.* v. *Shaffer,* 116 Cal. 518, [58 Am. St. Rep. 194, 48 Pac. 613], is decisive of the case at bar. Under the law as it existed at the time of the sale, the plaintiff's right of redemption was not limited by any fixed time. It lasted at least one year, and would last indefinitely thereafter, until thirty days after the purchaser should give the notice required by the statute. As was said in *California etc. R. R. Co.* v. *Mecartney,* 104 Cal. 616, [28 Pac. 448]: ''It is provided (Pol. Code, sec. 3780) that a

redemption may be made within twelve months from the date of the purchase, or at any time prior to the filing of certain affidavits and the application for the deed. 'Or' may be read 'and,' for it is evident that all the recited events must happen before the owner will be deprived of his right to redeem." To change a right of redemption which lasts indefinitely until the performance by a third party of some act which may or may not be performed, to a right limited by the expiration of a definite period of time is a substantial change in the right. And while, under the amendments of 1895, the right of redemption does not end absolutely with the expiration of the five years, it does end, without any notice to the owner, as soon as the state sees fit to dispose of the land. Under the old law the owner could rest secure until he received notice of intention to apply for a deed. He then had thirty days in which to redeem. Under the new law his right of redemption could be cut off at any moment after the expiration of the statutory period, without any personal notification to him.

Again, the rights of the owner are injuriously affected in another respect if the amendment is permitted to operate on past sales. Under the old law, not only does his right to redeem continue until after he has received the statutory notice, but no deed can issue to the purchaser until such notice has been given. By the amendment, the state receives its deed at once on the expiration of the five years. Such deed, when duly acknowledged or proved, is primary evidence of the regularity of the assessment, of the equalization, of the levy of taxes, of the non-payment of taxes, of the sale, of non-redemption, of the execution of the deed by the proper officer, and is conclusive evidence of the regularity of all other proceedings from the assessment to the execution of the deed. (Pol. Code, secs. 3786, 3787.) Furthermore, such deed transfers to the state "the absolute title to the property described therein." (Pol. Code, sec. 3787.) It is not necessary here to decide whether or not the legislature has the power to alter the rules as to burden of proof of facts recited in deeds already executed—a question on which the authorities are in conflict. (See *Strode* v. *Fisher*, 17 Or. 50, [16 Pac. 926]; *Smith* v. *Cleveland*, 17 Wis. 556; *Marx* v. *Hanthorn*, 30 Fed. 579; *Tracy* v. *Reed*, 38 Fed. 69; cf. *Emeric* v. *Alvarado*, 90 Cal. 444, 465, [37 Pac. 356].) But certainly there can be

no doubt that there is a material distinction between the position of a delinquent taxpayer before a deed divesting his title and having the probative force given by sections 3786 and 3787 has been executed, and his position after the execution of such deed, even though a right of redemption may remain in him for a time. And the conclusion follows that a law which authorizes the making of a deed at a fixed time, where, under the law in force at the date of sale, a deed could not be made until thirty days after the giving of notice by the purchaser, is a change which affects the substance of the owner's right, rather than one which goes merely to the remedy.

There is a marked distinction between this case and *Oullahan* v. *Sweeney,* 79 Cal. 537, [12 Am. St. Rep. 172, 21 Pac. 960], relied on by the appellant. In that case there had been a tax-sale under a law which allowed a fixed period of time for redemption. After the sale the law (Pol. Code, sec. 3785) was amended by the insertion of the provision above discussed requiring the purchaser to give thirty days' notice of his intention to apply for a deed, and extending the time for redemption until such notice was given. The court held, following *Curtis* v. *Whitney,* 13 Wall. 68, that this amendment was effective as to all applications for deeds made after the amendment. The ground upon which this was put was that it did not, as against the purchaser, extend the time for redemption. Such purchaser could still obtain his deed at the expiration of twelve months, provided he took the steps required by the statute. It rested entirely with him whether or not he chose to take these steps. It is argued that the case at bar is the converse of the Oullahan case; that if it be not an invasion of the purchaser's right to require him to give thirty days' notice in order to cut off the right of redemption, it is no invasion of the owner's right to take away the provision of notice. But the cases are not analogous. As was stated by this court in *Allen* v. *Allen,* 95 Cal. 187, [30 Pac. 213], in speaking of the ruling in *Oullahan* v. *Sweeney:* "This requirement (i. e. that of notice) was a mere incident to the right of the purchaser to receive a deed; it merely prescribed the manner in which he should proceed to demand the deed to which he was entitled." There was, as to him, simply a change in the procedure which he must follow in order to get

his deed. But the situation of the owner, who is deprived of the notice, is different. Under the law as it stood at the date of sale he had thirty days after the service of notice in which to redeem, and during these thirty days he was the owner of the land, subject only to the lien of the state for taxes. After the amendment dispensing with the requirement of notice, his right of redemption ended, without notice to him, at a time very different from, and possibly earlier than, the time when it would have expired under the old law. And, as has been pointed out, his title was divested at the expiration of a fixed, instead of an indefinite period. That these circumstances worked a substantial change in the rights which the owner had at the date of the sale seems clear.

Inasmuch as the plaintiff failed to prove the giving of the required notice, neither deed operated to convey W. H. Johnson's title to the state, and all of the instruments offered by plaintiff were properly excluded. This disposes of the appeal from the order denying a new trial.

On the appeal from the judgment it is urged that the court erred in granting to the defendants the affirmative relief asked by them in their cross-complaints. This contention is based on the view, expressed several times by this court, that in an action to quiet title a cross-complaint by a defendant who claims title in himself is not necessary. (*Wilson* v. *Madison,* 55 Cal. 5; *Miller* v. *Luco,* 80 Cal. 257, [22 Pac. 195]; *Mills* v. *Fletcher,* 100 Cal. 142, [34 Pac. 637].) If these cases have not been overruled, their authority has, as to the point under discussion, been seriously impaired by *Islais etc. Water Co.* v. *Allen,* 132 Cal. 432, [64 Pac. 713]. Furthermore, no objection seems to have been raised in the court below to the mode of pleading. The plaintiff did not attack the cross-complaints either by demurrer or by motion to strike out. He answered and went to trial on the merits. Under these circumstances we think he should be held to have consented to the method of procedure which was followed, and that he cannot now be heard to make this objection, even if it could be conceded that there is any merit in the objection itself.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.