[S. F. No. 5738. In Bank.—March 25, 1912.]

## J. K. JOHNSON, Respondent, v. D. J. CANTY, Appellant.

TAXATION—LAND DEEDED TO STATE FOR DELINQUENT TAXES—NOTICE TO
OWNER OF APPLICATION FOR DEED.—DEED NOT EVIDENCE OF GIVING
NOTICE.—One relying upon a tax-deed to the state as purchaser of
land sold to it for delinquent taxes, at a time when the statute re-
quired as a condition precedent to the execution of the deed that
the purchaser must give to the owner of the property thirty days'
notice in writing of his intended application for a deed on account
of the sale to him, and make proof of such service to the tax-
collector, and that no deed "shall be issued by the tax-collector" to
the purchaser in the absence of such proof, must establish the giving
of the notice as a part of his proof of title, and the deed itself is
not even *prima facie* proof that the notice was given. The fact that
the state was itself the purchaser did not dispense with the giving
of such notice.

ID.—SALE BY STATE AFTER AMENDMENT OF 1905 TO SECTION 3897 OF
POLITICAL CODE—FAILURE TO MAIL NOTICE OF SALE—VOID SALE.—
A sale by the state of land acquired by it for delinquent taxes, which
was made after the taking effect of the amendment of March 1,
1905, to section 3897 of the Political Code, and without the mailing
of a notice of such proposed sale, as required by that amendment,
"to the party to whom the land was last assessed next before the
sale," if his address was known, is void, notwithstanding the pro-
ceedings for the sale were initiated prior to the amendment, when
the statute contained no provision requiring such a notice by mail.

ID.—EQUITABLE ACTIONS TO CANCEL OR QUIET TITLE AGAINST TAX-DEED
—REPAYMENT OF TAXES AS CONDITION OF RELIEF.—*Holland* v.
*Hitchkiss, ante,* p. 366, approved, to the effect that in actions in
equity by a land owner to set aside a tax-sale or tax-deed, and in
suits, under section 738 of the Code of Civil Procedure, to quiet
title against a claim asserted under such sale or deed, repayment of
the taxes, penalties, and costs paid and interest thereon to the pur-
chaser or his successor must be offered or required before, or as a
condition of, the judgment in favor of the owner.

ID.—JUDGMENT SHOULD AWARD REPAYMENT OF TAXES UNCONDITION-
ALLY.—In such equitable actions instituted by the landowner, the
judgment in favor of the plaintiff should award the amounts so paid
to the defendant absolutely, without condition of any kind. A judg-
ment fixing a time limit upon the defendant's right to accept the
amount awarded him is erroneous.

ESTATES OF DECEASED PERSONS—SUPERIOR COURT—PRESUMPTION AS TO
JURISDICTION.—In this state, the same presumption exists in favor
of the acts of the superior court done in the exercise of its probate

jurisdiction, as exists in favor of its acts done in ordinary litigation between parties.

ID.—DECREE OF DISTRIBUTION—EVIDENCE OF JURISDICTION AND TRANSMISSION OF TITLE.—A decree of the superior court of this state distributing the estate of a deceased person is in itself presumptive evidence of the jurisdiction of the court to render it, and by itself affords evidence of the transmission of the title of the deceased.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Carter & Carter, and William A. Barnhill, for Appellant.

George Cosgrave, and Frank Kauke, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial in an action brought by plaintiff to quiet his alleged title to certain lands in Fresno County. The action was commenced May 12, 1909. The complaint contained in addition to the general allegations ordinarily used in such complaints, allegations substantially as follows: On May 7, 1909, plaintiff tendered and offered to pay to defendant one hundred and fifty dollars and such further sums as defendant may have expended in the matter of the payment of taxes and other encumbrances on said land, with interest thereon, demanding at the same time that defendant release the land from his alleged claim thereto, or in any appropriate form or manner quitclaim the same to plaintiff, offering to pay the reasonable costs and charges for making such release or quitclaim. Defendant refused to accept such money so offered in satisfaction of his claim. Plaintiff offers to pay any such sum as the court may find should be paid. The defendant by his answer denied plaintiff's claim of ownership, denied that he had no interest in the land and denied the alleged tender, but admitted that he refused to release his claim. He further set up the tax proceedings under which he claimed, and alleged himself to be owner of the land by virtue thereof. He asked for a decree quieting his alleged title against plaintiff.

The trial court found all the allegations of the complaint to

be true and all the allegations of the answer and cross-complaint to be untrue. It further found in response to the allegations of tender, etc., that "prior to" May 7, 1909, defendant expended by reason of taxes and purported taxes, etc., the sum of $168.75, and had received as income from the products of the land $52.35, leaving the sum of $116.40 which had not been repaid to him, but all of which was offered and tendered by plaintiff on May 7, 1909. Plaintiff, in compliance with the views expressed by the trial court to that effect in its conclusions of law, having deposited said sum of $116.40 with the clerk of the court for defendant, judgment was given in favor of plaintiff, reciting said deposit, and decreeing that plaintiff is the owner of the property, that defendant has no interest therein and that defendant be enjoined from asserting any interest therein. It was further ordered therein that said sum of $116.40 be paid to defendant upon his accepting the same and giving a receipt therefor in full payment of any claim by reason of the said expenditures by him, and that in the event that said money is not accepted and receipted for within thirty days from date the right of the defendant to said sum shall cease upon the expiration of said thirty days and the same shall be returned to plaintiff. This judgment was given and entered on November 30, 1909, and the appeal from the judgment was taken May 28, 1910.

Upon the trial, plaintiff having introduced his evidence tending to show absolute title in himself, and the tender alleged in his complaint and defendant's refusal thereof, rested. Defendant thereupon attempted to establish title under his alleged tax proceedings. He offered in evidence two purported deeds to the state, one dated July 18, 1899, based upon a sale made to the state in the year 1894 for the taxes for the year 1893, and one dated February 1, 1896, based upon a sale made to the state in the year 1886 for the taxes for the year 1885. At the date of the respective sales to the state shown by these deeds,—namely, July 3, 1894, and March 9, 1886, a statute of this state required as a condition precedent to the execution of a deed to the purchaser that the purchaser must give to the owner of the property thirty days' notice in writing of his intended application for a deed on account of the sale to him, and make proof of such service to the tax-collector, and that no deed "shall be issued by the tax-collector" to the

purchaser in the absence of such proof. No evidence was offered in connection with these deeds to show that any such notice was given by the purchaser (the state) to the owner before the execution of the deeds, and no pretense is made that any such notice was ever given. It is settled that one relying on a tax-deed that can be issued only after the giving of such notice is bound to establish the giving of the notice as a part of his proof of title, and that the deed itself is not even *prima facie* proof that the notice was given. (*Miller* v. *Miller,* 96 Cal. 376, [31 Am. St. Rep. 229, 31 Pac. 247] ; *Reed* v. *Lyon,* 96 Cal. 501, [31 Pac. 619].) That the giving of such notice was essential in the case of these deeds, because the law in force at the time of the respective sales required it, even though the state was the purchaser, is settled by *Johnson* v. *Taylor,* 150 Cal. 201, [119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818, 88 Pac. 903], where the whole matter is exhaustively discussed. The trial court sustained the objections interposed to the deeds, one of which was the want of proof of such notice. In view of what we have said the ruling was correct.

Defendant also offered in evidence a deed from the state of California to himself based upon a sale made by the tax-collector on May 5, 1905, under authorization from the state controller. As in *Buck* v. *Canty, ante,* p. 226, [121 Pac. 924], and *Canty* v. *Staley, ante,* p. 379, [123 Pac. 252], no showing was made as to the giving of such notice by mail as was required by section 3897 of the Political Code as amended March 1, 1905, (Stats. 1905, p. 31), the deed affirmatively showing that the only notice given was the notice by publication in a newspaper. Objection to the introduction of such deed was sustained by the trial court, one of the specific grounds of objection being the want of proof of such notice by mail. Upon the authority of the cases last cited, it must be held that the objection was properly sustained.

The property involved was originally the property of one Lucio M. Tewksbury, under whom plaintiff claimed as a successor in title. A link in plaintiff's chain of title was the decree of distribution in the matter of the estate of said Tewksbury, who died intestate, made by the superior court of Alameda County, California, on August 10, 1886. To show this, plaintiff offered in evidence a certified copy of such decree, to which defendant objected on various grounds, the only one

warranting notice being that there was no showing that the court had acquired jurisdiction of the estate. The trial court overruled the objection and this ruling is assigned as error. It is well settled in this state that the same presumption exists in favor of the acts of the superior court done in the exercise of its probate jurisdiction, as exists in favor of its acts in ordinary litigation between parties. It is provided by our statute that it is to be presumed "that a court or judge acting as such . . . was acting in the lawful exercise of his jurisdiction." (Code Civ. Proc., sec. 1963, subd. 16.) It is to be borne in mind that we have no statute prescribing, as in the ordinary action, what papers shall constitute "the judgment-roll" or "record" of a judgment or order in probate proceedings in the courts of this state. We can see no good reason why a decree like the one received in evidence in this matter should not be held to afford presumptive evidence of the jurisdiction of the court to render it. In *Estate of Schandoney,* 133 Cal. 387, [65 Pac. 877], this court applied the presumption above stated in a guardianship proceeding, quoting Freeman on Judgments, section 124, as follows: "Nothing shall be intended to be out of the jurisdiction of the superior court but that which expressly appears to be so. Hence, though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed upon a collateral attack that the court, if of general jurisdiction, acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared." (See, also, *Estate of Eikerenkotter,* 126 Cal. 54, [58 Pac. 370].) It is expressly provided by our statute that a certified copy of a decree of distribution must be recorded in the county recorder's office (Code Civ. Proc., sec. 1719), and that from the time of such filing, notice is imparted to all persons of the contents thereof. (Code Civ. Proc., sec. 1706.) It thus appears to have been contemplated that the decree itself should afford evidence of the transmission of the title of deceased. It is expressly provided by section 1704 of the Code of Civil Procedure: "Orders and decrees made by the court, or a judge thereof, in probate proceedings, need not recite the existence of facts, or the performance of acts, upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged, except as other-

wise provided in this title. All orders and decrees of the court or judge must be entered at length in the minute book of the court." It is not questioned, of course, that a judicial record of this state may be proved by the production of a copy thereof, "certified by the clerk or other person having the legal custody thereof." (Code Civ. Proc., sec. 1905.)

There is no other matter requiring notice, save such questions as are presented regarding the reimbursement of defendant for moneys expended by him. The question what rule should be applied in such matters has been fully and exhaustively discussed in the opinion of this court in *Holland* v. *Hotchkiss, ante,* p. 366, [123 Pac. 258], and it will only be necessary to apply the rules there laid down to the facts of this case.

The evidence sufficiently supports the finding that defendant has paid out only $168.75 on account of matters for which he could equitably claim reimbursement as a condition precedent to plaintiff's having a decree quieting his title. This excludes seventy-five dollars testified by defendant to have been paid for a survey of the land, for which, of course, he was not entitled to be reimbursed. It includes, according to defendant's own testimony, interest on the money paid by him to the state for the property, to the date of the tender, May 7, 1909. There were no data upon which to found a conclusion as to the time of the other expenditures, $30.53 and $32.59, and consequently no foundation for the allowance of interest on such payments. The evidence was also sufficient to support the conclusion that defendant had received $52.35 net profits from the land, which should be deducted from the $168.75. The conclusion that plaintiff should reimburse defendant to the extent of $116.40 was therefore correct.

In view of what we have said, the judgment was correct, except in so far as it provided for the return to the plaintiff of the $116.40 deposited with the clerk of the court for the defendant, if not accepted by the defendant within thirty days. The money should have been awarded absolutely to defendant, without condition of any kind. We cannot determine from the record whether this money has been returned to the plaintiff as required by the judgment, because of non-acceptance by the defendant. The judgment should have concluded with the words "It is further ordered, adjudged and decreed that

the said sum of $116.40, which has been deposited and is now in the possession of the clerk of this court, be paid over to the defendant."

It is ordered that the judgment be reversed, with directions to the trial court: 1. In the event that the $116.40 deposited with the clerk of the court for defendant is still under the control of the clerk, to give a new judgment in the precise terms of the original judgment, with the exception of all that part thereof that follows the paragraph thereof last above quoted; 2. In the event that said $116.40 has been returned to plaintiff, to require plaintiff as a condition precedent to the entry of judgment in his favor to again pay said sum to the clerk of the court for defendant, and if plaintiff fails to make such payment within thirty days after order requiring him to do so is made, to dismiss this action, but if he makes such payment within said time, to thereupon enter the judgment in the form already above prescribed.

The order denying a new trial is affirmed. Appellant shall not recover his costs of appeal.

Shaw, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.