[Civ. No. 761.   Third Appellate District.—October 22, 1912.]

WILLIAM MAIN, Appellant, v. SUSAN A. THORNTON, FANNIE B. MINOR and J. L. THORNTON, Respondents.

TAX-SALE—REQUIRED NOTICE TO OWNER OF APPLICATION FOR DEED NOT GIVEN—VOID DEED—NOTICE NOT PRESUMED.—Where the law in force at the time of a tax-sale, required the purchaser to give the owner written notice of the application for the deed, a deed made in the absence of such notice is void, and can vest no title in the state. The void deed created no presumption that the law requiring notice to be given had been complied with.

ID.—RIGHT OF REDEMPTION CONTINUOUS.—In such case the right of redemption is continuous, since the law in force at the time of the sale governed the right of redemption, and the owner's right of redemption remained, since the provisions of section 3785 of the Political Code were not complied with to shorten such right.

ID.—TITLE NOT CURABLE BY RESALE OF LAND—SUBSEQUENT ASSESSMENTS PAYABLE ON REDEMPTION.—Section 3813 of the Political Code provides that the land should not be again exposed to sale, and the tax-collector cannot cure the title by again selling the land to the state, and making a new deed. The law merely provides for assessing the land previously sold to the state, and these assessments become a charge to be paid on. redemption, under section 3815 of the Political Code.

ID.—VOID SALE OF QUARTER SECTION—NONCOMPLIANCE WITH LAW—EXCESSIVE TAX.—When it cannot be determined from an inspection of the record what the tax was upon a specified quarter section, what was its assessed value, or what it was sold for, and in addition to an improper regard for these requirements, the sale of the property was for the excessive sum of seventy-two cents, these facts are sufficient to make the sale void.

APPEAL from an order of the Superior Court of Fresno County denying a motion for a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

N. C. Coldwell, Frank H. Short, and F. E. Cook. for Appellant.

M. K. Harris, for Respondents.

CHIPMAN, P. J.—This is an action in ejectment in which the complaint alleges ownership and right of possession in plaintiff to the W. ½ of section 4, T. 15 S., R. 19 W., situated in Fresno County, wrongful possession of which is alleged to be in defendants. Defendants had findings and judgment. Plaintiff appeals from the order denying his motion for a new trial.

It was stipulated at the trial that title was in the defendants "subject to, and unless the same has been, divested by the assessments, taxes, tax proceedings and tax deeds introduced in evidence as hereinafter set forth . . . and that the only question concerning the title to the property between plaintiff and defendants relates to the regularity and sufficiency of the tax deeds and proceedings introduced in evidence with relation thereto, as herein in this bill of exceptions referred to."

In his opening brief plaintiff claims title by virtue of the following deeds: July 18, 1899, J. B. Hancock, tax-collector of Fresno County, to the state, "conveying to the state the S. W. ¼, sec. 4–15/19; also, June 25, 1903, deed from said tax-collector to the state, "for the N. W. ¼ sec. 4–15/19"; also, July 27, 1903, authorization of the state controller to the tax-collector of Fresno County "to sell at public auction the said S. W. ¼ sec. 4–15–19 sold to the state July 3, 1894. And also N. W. ¼, sec. 4–15/19, sold to the state June 24, 1898"; also that, pursuant to such authorization, the tax-collector of said county, "by deed dated the 22nd day of August, 1903, sold the S. W. ¼ sec. 4–15/19 to the plaintiff, William Main; and that on the 22nd day of August, 1903, said tax-collector, in pursuance of such authorization, sold to the plaintiff, William Main, the N. W. ¼ sec. 4. 15/19."

In his opening brief appellant states that—"In the absence of any specific objection to their sufficiency (the proceedings set forth in the transcript), we rest upon the presumption that 'official duty has been regularly performed.'" (Code Civ. Proc., sec. 1963, subd. 15.) And upon section 3786 of the Political Code, making a tax deed "primary evidence," and section 3787 of the same code, "declaring that such deed shall be conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed." Claiming that, as the deeds are suffi-

cient on their face, "it is the duty of the party attacking them," says the brief, "to show to the court by these records . . . that they are insufficient to vest title in the state." (Citing *Klumpke* v. *Baker,* 131 Cal. 81, [63 Pac. 137, 676], and other cases.) Awaiting the announcement of defendants' objections, plaintiff does not attempt to show the regularity of the proceedings under which he claims title. This was, perhaps, logical and not unfair to the court, although an appellant is usually expected to state the grounds on which a reversal is asked. But after the objections were fully pointed out by the respondents, plaintiff filed no reply brief, and, in submitting the matter, contents himself with calling attention again to the fact that the southwest quarter of the section was twice sold to the state and, "as to the multiple attacks made on the proceedings, affecting the northwest quarter, we submit the same on the record."

If we have fallen into error in reaching a conclusion appellant cannot claim to have aided us very much to avoid it; and if we have been so fortunate as to reach a right conclusion it will be largely due to our being guided by the uncontroverted statements of fact found in the record as pointed out by respondents.

The tax proceedings in relation to the two parcels are separate and will be so considered.

The southwest quarter. This parcel was assessed for taxes for the year 1893, and the taxes not being paid, the land was sold to the state on July 3, 1894. Basing his deed on said sale, made in July, 1894, the tax-collector conveyed the land to the state, July 18, 1899. As the law stood in July, 1894, when the sale was made to the state, it provided that if the land is not redeemed within the time allowed for redemption, a deed should be made to the purchaser, but a provision in the law continued the right of redemption for an indefinite period and until the notice therein required is given the owner by the purchaser. The tax deed created no presumption that the law requiring notice to be given had been complied with. The law existing in 1894 governed the case and regulated the right of redemption. (*Miller* v. *Miller,* 96 Cal. 376, [31 Am. St. Rep. 229, 31 Pac. 247]; *Reed* v. *Lyon,* 96 Cal. 501, [31 Pac. 619]; *Walsh* v. *Burke,* 134, Cal. 594, [66 Pac. 866]; *Johnson* v. *Taylor,* 150 Cal. 201, 208, [119 Am. St. Rep. 181,

10 L. R. A. (N. S.) 818, 88 Pac. 903].) The statute applied to the state as a purchaser. (*San Francisco & Fresno L. Co. v. Banbury,* 106 Cal. 129, 132, [39 Pac. 439].) The case of *Johnson* v. *Taylor,* 150 Cal. 201, [119 Am. St. Rep. 181, 10 L. R. A. (N. S) 818, 88 Pac. 903], is quite like the case here and discusses the questions fully. As the owners' right to redeem the southwest quarter remained until the provisions of section 3785 of the Political Code were complied with, and as they were not complied with, plaintiff's tax deed conferred no title.

The tax-collector undertook to cure the title by again selling the land to the state in July, 1895, and making a deed in 1900. But section 3813 of the Political Code expressly provided that the land should not be again exposed to sale. The law provided for assessing the land and these assessments became a charge to be paid on redemption. (Sec. 3815.) These assessments merely fixed the amount, in addition to the original charges, which were to be paid on redemption. (See *San Francisco etc. L. Co.* v. *Banbury,* 106 Cal. 129, [39 Pac. 439]; *Honneycut* v. *Colgan,* 3 Cal. App. 346, 352, [85 Pac. 165].)

Respondents make the point that the description of the land as "S. W. ¼ of sec. 4. 15. 19" in the certificate and S. W. ¼ sec. 4–15–19, is not a sufficient description, although the county is designated. It is not necessary to pass upon the question. We held, however, in *Canty* v. *Staley,* 10 Cal. App. Dec. 327, that a similar description was sufficiently definite. The trial court allowed the deputy auditor of the county to testify, as he did, that he would have no difficulty in finding the land from such description. The case was reheard in the supreme court but this point was not referred to. (*Canty* v. *Staley,* 162 Cal. 379, [123 Pac. 252].)

The northwest quarter. The deed of the tax-collector, based on the sale for delinquent taxes for the year 1897, recites that the assessment was $2,400; that the amount of taxes was $47.04, made up of county taxes, $34.08, and state taxes, $12.24, making together $46.32. There was added $12.76 as accruing costs and the property was sold for $59.80, whereas the true amount was $59.08. The sale was for seventy-two cents in excess of the taxes and charges.

It is pointed out by respondents "that there is hardly any resemblance between the recitals in the deed and in the cer-

tificate,'' whereas section 3786 of the Political Code requires them to be the same. The deed recites that the property was assessed at $2,400; the certificate says $43,950; the deed states the taxes levied to be $47.04, the certificate $664.69; the deed says the property sold for $59.80, the certificate $743.05. In the tax proceedings confusion is worse confounded. Respondents seem to be supported in the following statement: "It cannot be determined from an inspection of the records what the tax was upon the property, what the assessed valuation was or what it sold for.'' Section 3785 of the Political Code provides that the deed must recite the person assessed, the date of the sale and description of the land sold, the amount for which it was sold, that it was sold for delinquent taxes, giving the assessed value and the year of assessment, with other requirements. The record in the present case shows that but little regard was paid to these requirements.

So far as the sale of the N. W. ¼ is concerned, the excessive amount of seventy-two cents, for which the property was sold, is of itself sufficient to make the sale void. In *Rimmer* v. *Hotchkiss*, 14 Cal. App. 556, [11 Cal. App. Dec. 499, 503], an excess of fifty-two cents was held fatal to the deed. The cases on the point are there cited. The case was reheard in the supreme court and the same view taken of this excess. (*Rimmer* v. *Hotchkiss*, 162 Cal. 385, [123 Pac. 256].)

The order is affirmed.

Hart, J., and Burnett, J., concurred.